No. 3066
Second Circuit

JARRELL v. EWING

(February 3, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*
1. **Louisiana Digest—Master and Servant —Par. 156.**
The repairing of a dwelling house, of which the owner's principal occupation is practicing medicine, is not within the Employer's Liability Act No. 20 of 1914, because the work was not done "in the course of the employer's trade," even though the owner expects to obtain rent from the lease of the house.

2. **Louisiana Digest—Master and Servant —Par. 157.**
The repairing of a dwelling house is not a hazardous occupation within the meaning of Employer's Liability Act No. 20 of 1914.
(Editor's Note: See Section 1, Subsections 2 and 2 (a), of Act 20 of 1914, and Section 3 of Act 85 of 1926.)

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Seaman R. Jarrell against Fayette C. Ewing.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. M. Shevin, of Alexandria, attorney for plaintiff, appellant.

White, Holloman & White, of Alexandria, attorneys for defendant, appellee.

WEBB, J. The plaintiff, S. R. Jarrell, a carpenter, while employed by the defendant, F. C. Ewing, and engaged in repairing a building belonging to the latter, received an injury arising out of his employment, which resulted in the loss of the distal and part of the proximal phalanx of the thumb of his left hand, for which he instituted this suit to recover compensation under the Employers' Liability Statute, and he appeals from a judgment rejecting his demands.

In addition to the facts stated above, the evidence establishes that the defendant was a physician, engaged in the practice of his profession, and that there was a dwelling

house situated in the immediate vicinity of his residence, which had been kept in bad repair, and that defendant purchased the house with the view of having it repaired and removing an "eyesore", and with the purpose of renting it; that he employed plaintiff to make certain designated repairs on the building, agreeing to pay at the rate of sixty-five cents per hour, and that plaintiff worked nine hours per day for six days a week, and that while engaged in the work a hand-saw, which he was using, in some way slipped and cut his thumb, and that the wound became infected, resulting in the loss as stated above.

Plaintiff, while conceding that defendant's principal occupation was practicing medicine, contends that he was also engaged in the business of leasing houses, and that necessarily one engaged in such business was bound to maintain the buildings leased in repair, and that the work of repairing buildings is designated as hazardous.

Plaintiff concedes that under the construction which has been given to the statute, a householder, or one who employs workmen to repair his dwelling house, as to such work has been held not to be liable under the statute for compensation to workmen who may be injured while engaged in such work (Shipp vs. Bordelon, 152 La. 795, 94 So. 399; Blanc vs. Iglehart, 5 La. App. 17), but he contends that the cases cited are not applicable where the building being repaired is used by the owner other than as a dwelling house.

In Shipp vs. Bordelon, 152 La. 795, 94 So. 399, the court, considering the title and Sections 1 and 2 of the statute, said:

"It is not enough that the employee shall be performing work of the character falling within the designated trades, businesses or occupations, but it must be done 'in the course of the employer's trade,' etc."

And conceding that the work being done by plaintiff was of the character falling within the designated trades, and that the defendant was engaged in the business of leasing houses (although the evidence shows that the house which was being repaired was the only real property owned by him other than his dwelling house) the statute does not designate such business as hazardous, and we do not think that, considering the object to be attained in such an occupation, it can be said to be hazardous, even though the owner in the course of time may have the property held for lease repaired.

We are of the opinion that, under the ruling in the cases cited, defendant was not engaged in a hazardous occupation, and the judgment appealed from is affirmed.