## No. 3178

## Second Circuit

## HAM v. DOMILL CONSTRUCTION CO., ET AL.

(May 22, 1928.    Opinion and Decree.)
(June 28, 1928.    Rehearing Refused.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Before an employee can recover under the Employers' Liability Act from the owner of a building being erected by a contractor he must show that the construction of buildings was a part of the business, trade or occupation of such owner.

(Section 6 of Act No. 85 of 1926.)

Appeal from the Fourth Judicial District Court, Parish of Morehouse. Hon. J. T. Shell, Judge.

Action by George Ham against Domill Construction Company, et al.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Todd and Todd, of Bastrop, attorneys for plaintiff, appellee.

Theus, Grisham and Davis, of Monroe, attorneys for defendant Domill Construction Company, appellant.

Madison and Madison, of Bastrop, attorneys for Bastrop Pulp and Paper Company and Southern International Paper Company, defendants, appellants.

### STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff alleges that on December 11, 1926, while in the employ of defendant Domill Construction Company and engaged in repairing a building in the

town of Bastrop, Louisiana, belonging to the Bastrop Pulp & Paper Company he fell to the ground from a scaffolding eighty-four feet high and broke his right leg above the knee and dislocated the knee and crushed several ribs on the right side and received other injuries in consequence of which he was permanently totally disabled to do work of any reasonable character.

He further alleges that at the time of the injury he was earning an average weekly wage of $33.60.

He further alleged that subsequent to the injury the Bastrop Pulp & Paper Company had been consolidated with and changed its name to that of the Southern International Paper Company which assumed all of the liabilities of the Bastrop Pulp & Paper Company.

He further alleges that his medical and hospital expenses had been paid by the defendants who had also paid him compensation up until April 9, 1927, or sixteen weeks, at the rate of $16.25 a week.

And he prayed for service and citation of the Domill Construction Company, Bastrop Pulp & Paper Company, and Southern International Paper Company and for judgment against them in solido for $20.00 a week for 400 weeks, beginning December 11, 1926, with interest on each weekly payment at the rate of 8% per annum, from the date due until paid, less a credit of $16.25 a week for sixteen weeks, and for the further sum of $250.00 medical expenses, less such amount as defendants may have paid on that account.

The defendant, Domill Construction Company, answered denying that plaintiff was injured as seriously as claimed by him and that he was receiving the wages alleged by him and that he had paid or was responsible for any medical expenses growing out of his injury, and alleged that plaintiff was only working eight hours a day for six days a week and receiving therefor 40 cents an hour, and that plaintiff only received a slight injury, consisting of a fracture of the right leg above the knee, and that the injury had entirely healed, that compensation at the rate of $16.25 a week for 16 weeks had been paid to plaintiff and that this was all the compensation he was entitled to, that all medical, hospital and doctor's bills had been paid, and that plaintiff was entirely well of and not suffering from any disability as a result of the injury.

The defendants, Bastrop Pulp & Paper Company and Southern International Paper Company, filed answers making the same denials and allegations as did the defendant, Domill Construction Company. Both defendants denied that they were liable to plaintiff in solido with defendant Domill Construction Company or otherwise.

On these issues the case was tried and there was judgment in favor of the plaintiff, George Ham, and against defendants, Domill Construction Company, Bastrop Pulp & Paper Company and Southern International Paper Company in solido for $20.00 per week during disability, not to exceed 400 weeks, beginning December 11, 1926, with interest at 5% per annum on each weekly payment from the first of each week for which it was due, less a credit of $16.25 paid weekly for sixteen weeks from December 11, 1926, and judgment for the further sum of $250.00 for medical expenses, or as much thereof as may be necessary in the treatment of plaintiff, less such amount as may have already been paid on that account, and fixing the fee of plaintiff's attorneys at 20% of the amount of the award, but not exceeding $1000.00, and awarding them a privilege on the judgment therefor, and fixing the fees of the two experts who testified in

the case at $25.00 each and ordering their fees taxed as costs in the case.

From this judgment the Domill Construction Company and Southern International Paper Company appealed.

## OPINION

The judgment appealed from is incorrect insofar as it condemns the Bastrop Pulp & Paper Company and the Southern International Paper Company in solido with the Domill Construction Company, for the reason that plaintiff was not an employee of either of the former and the evidence does not establish that the construction of the building was a part of the business, trade or occupation of either of those companies.

The only other question involved in the case, as stated by counsel for the Domill Construction Company in their brief, is

"* * * whether the court should have rendered judgment during disability, not to exceed one hundred and seventy-five (175) weeks, as defendant offered the plaintiff in open court, or whether the court should allow judgment for four hundred (400) weeks."

Section 15 of Act No. 85 of 1926 provides:

"In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, **provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member.**" (Bold type ours.)

The compensation recoverable for the loss of a leg is sixty-five per centum of wages during 175 weeks.

Paragraph 1, clause (d), section 6 of Act No. 85 of 1926.

Plaintiff's right leg was broken above the knee and the knee cap dislocated. He was carried to a hospital and given medical treatment at the expense of defendants, and was paid compensation at the rate of $16.25 per week from the date of his injury to April 9, 1927.

The injured leg is half an inch shorter than the other. He testified:

"Q. You walk around town often?
"A. Not much; not more than I have to.
"Q. You are not working, are you?
"A. No, sir.
"Q. Still, you have to walk around town on your legs?
"A. I don't have to, but I go after mail and things like that.
                    *  *  *
"Q. Did that pain you about March or April, whenever you walked on it?
"A. Yes, sir; pains me just as bad now as it did then, or as much then as now.
"Q. But, still you attempted to skate on it that day?
"A. Yes, sir.
                    *  *  *
"Q. About how long did you try to skate or have the skates on your feet?
"A. I had them on my feet about ten minutes."

Under the plain language of the statute the compensation plaintiff is entitled to is limited to sixty-five per centum of wages during 175 weeks as for the loss of a leg, and defendants concede that he was entitled to judgment for that amount.

With respect to the injury to his rib, the evidence satisfies us that this was minor and that plaintiff was entirely cured of. Therefore he was not entitled to compensation on that account.

It is therefore ordered, adjudged and decreed that as to the defendants Bastrop Pulp & Paper Company and Southern International Paper Company, the judgment appealed from be annulled, avoided and reversed and plaintiff's demands rejected and his suit dismissed at his cost, and that,

as to defendant Domill Construction Company, the judgment appealed from be amended so as to award plaintiff compensation of twenty dollars (per week for one hundred and seventy-five weeks beginning December 11, 1926, with legal interest on each payment from the date of its maturity until paid, subject to a credit of sixteen and 25-100 dollars per week for sixteen weeks beginning December 11, 1926, and that in all other respects the judgment appealed from be affirmed.