# WHITE v. EQUITABLE REAL ESTATE CO., LTD.

—

(January 11, 1932. Opinion and Decree.)
(January 25, 1932. Rehearing Refused.)
(February 29, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

—

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous and P. M. Milner, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This is a suit for compensation brought under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended by Act No. 38 of 1918 and by Act No. 85 of 1926).

Plaintiff is the mother of a young man who was killed while making repairs to the roof of a structure owned by defendant.

Defendant is a corporation which owns certain improved real estate in New Orleans. Defendant resists payment on several grounds, only one of which need be considered. That defense is that a real estate owning company is not engaged in a trade, business, or occupation hazardous

in itself, and that such business is not contemplated under the provisions of the, statute referred to. From a judgment dismissing her suit, plaintiff has appealed.

· The evidence shows that defendant owns one or more buildings or structures in New Orleans; that it leases these buildings to others for profit; that, in the course of maintaining one of the structures, it became necessary to have repairs made to the roof thereof; that it employed Melvin Bing, brother of the decedent, who agreed to make or to have the repairs made, for the sum of $40.50; that in making the said repairs the said Melvin Bing made an agreement with his brother, George Bing, decedent, under which George Bing was to perform the actual labor—whether on a wage basis or on a division of profit basis we find it unnecessary to determine. While making the said repairs, the said George Bing received injuries, from which he died.

Plaintiff contends that defendant is engaged in an occupation within the contemplation of the Employers' Liability Act, and that, thus, under section 6 thereof, defendant is liable in compensation for the death of George Bing, because in that section it is provided that:

"Where any person * * * undertakes to execute any work, which is a part of his trade, business or occupation or which he has contracted to perform, and contracts with any other person * * * for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him."

It is thus argued that, though the said George Bing was an employee of the independent contractor, nevertheless defendant, in contracting with Melvin Bing for the making of the repairs, could not divest itself of its responsibility for any injuries which might be sustained by the said George Bing. It is quite true that one who is engaged in one of the occupations contemplated by the Employers' Liability Act of this state may not contract with another to perform any part of the work contemplated by that trade, business, or occupation, and thereby relieve himself of responsibility to employees of the contractor. In Clementine v. Ritchie, 1 La. App. 296, we said:

"One whose business, trade or occupation consists of the building and selling of houses is a principal within the meaning of Section 6 of the Compensation Law and is liable for compensation due any employee engaged in the construction of the houses whether such employee be directly engaged by him or not," and it is argued here that one who owns and rents to another improved real estate is under the legal obligation of maintaining that property in usable, proper condition, and since, under the statute, the making of repairs to real estate is a hazardous trade, business or occupation, a real estate owner is necessarily engaged in such hazardous business.

The argument is interesting and ingenious, and would have been quite convincing but for our realization of the fact that it could not have been within the contemplation of the framers of the compensation laws that a real estate owner, who leases out his property, cannot employ independent contractors to make repairs to his buildings without rendering himself liable

in compensation to all employees of such independent contractors.

A conviction that the lawmakers did not so intend and a belief that to so hold would be unreasonable led us to give deep consideration to the case of Clementine v. Ritchie, supra, in an effort to distinguish between that case and this.

We feel that the distinction lies in the fact that in that case the trade, business or occupation of defendant—building houses —is hazardous, and is specifically referred to in the compensation laws, whereas here the business of defendant was owning and renting of improved realty, which is neither hazardous, nor within the contemplation of the statutes. True enough, incidental to the owning and renting of improved realty is the making of repairs, and true it is, also, that one who makes those repairs is engaged in a hazardous occupation, but it is not enough that the employee be engaged in such employment. It is also necessary that the trade, business or occupation of the employer himself be hazardous. In a case the facts of which, in legal principle involved, much resemble those which now confront us, our Supreme Court said:

"* * * It is not enough that the work done should be hazardous if it·be not also incident to or in the course of the trade, business or occupation of the employer which is within itself hazardous under the statute." Shipp v. Bordelon, 152 La. 796, 800, 94 So. 399, 400.

The decisions of this court in Labostrie v. Weber, 15 La. App. 241, 130 So. 885, and of the Supreme Court in Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, are not antagonistic to this view, since, in each of those cases, the defendant was engaged in a business hazardous and within the coverage of the compensation laws.

In Labostrie v. Weber the business of defendant was hauling by motortruck, and it had been previously held that employment to operate or work on a motor-driven vehicle is protected by the compensation laws. Beebe v. McKeithen Construction Co., 5 La. App. 179; Plick et al. v. Toye Bros. Auto & Taxicab Co., 13 La. App. 525, 127 So. 59.

In Byas v. Hotel Bentley, defendant was engaged in a hazardous business, since it operated and maintained, "in connection with its hotel business, and under the same roof, a power plant, waterworks, lighting system, and power-driven freight and passenger elevators."

We are therefore of the opinion that the business of defendant was not hazardous, and that section 6 of the Workmen's Compensation Law of Louisiana has no application to one who, engaged in a non-hazardous occupation, employs an independent contractor, even though the employees of the independent contractor may, in performing their duties, undertake work which is within the coverage of the compensation laws of the state.

The judgment appealed from is affirmed, at the cost of appellant.