## HOLLAND v. CONTINENTAL CASU-ALTY CO.
### No. 4849.

Court of Appeal of Louisiana.
Second Circuit.
June 4, 1934.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

W. C. Roberts, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff, a traveling salesman and collector for Chain Tire & Electrical Company, Incorporated, operated an automobile daily out of the city of Alexandria, in the discharge of his duties. The car was owned by the employer. As a rule, plaintiff would drive the car from his own home to the employer's place of business early each morning and there resupply himself with batteries, car parts, accessories, etc., and then proceed on the journey mapped out for the day. He would return home in the evening, the lateness of the hour depending upon the distance he covered during the day. His itineraries carried him through unsettled sections of the parishes adjacent to Rapides parish, and ofttimes it was late at night when he reached home. He alleges, and supports by his testimony, which is not contradicted by any evidence on part of defendant, that during a short period immediately preceding April 28, 1933, the date he was injured, there were several highway robberies and kidnapings in and near the city of Alexandria, and that on April 18th, while returning home from the town of Winnfield, after a day's service for his employer, while driving the automobile furnished him by it, he was pursued by three suspicious appearing characters who followed his car into the city of Alexandria; that the actions of his pursuers, alleged in detail in his petition, were such as to convince him that their purpose was to rob him if favorable opportunity arose for doing so; that it was known to many persons that, in addition to selling and delivering his employer's goods, he collected money for it and frequently had respectable amounts of cash on and about his person when returning home. He reported his experience to his employer's bookkeeper, and informed him that he had decided to carry his shotgun in his car to protect his employer's property and cash collected by him for its account. This testimony is not contradicted by any witness, and the inference is that the bookkeeper would have verified plaintiff's evidence had he testified. The fact that he was not called as a witness by defendant gives rise to the inference that his evidence would not have been favorable to it. However, plaintiff did not take his gun with him until April 27th. He explains that he only intended carrying the gun in his car on those trips which on account of distance would necessitate him reaching home after nightfall. On April 28th, he covered one of his longest day's journeys, going as far east

as Ferriday, in Concordia parish, and, while returning, and, before reaching the Monroe-Alexandria highway at Tullos, about 50 miles from Alexandria, a brief time before dusk, he loaded the gun and placed it beside him on the front seat of the car, muzzle up. The trip continued without mishap until he reached Wainwright's filling station in Pineville, across Red river from Alexandria, about 8 o'clock, where he stopped to buy some oil for the car and to check up on the station's stock of supplies to ascertain if it was in need of any of the goods he sold, the station being a customer of his employer. When he opened the right door of the car, the gun fell out on the running board or concrete floor. He got out of the car, picked the gun up, and, while in the act of unbreeching it to remove the shell, it accidentally fired, discharging the contents of the shell into his left foot, which was thereafter amputated above the ankle. He sues his employer's insurer, Continental Casualty Company, for compensation at the rate of $20 per week for 125 weeks, and for hospital, physician's, and medical expenses actually incurred to the amount of $250.

■ Defendant concedes that plaintiff's employer is engaged in a hazardous business and occupation, but denies his right to recover herein on the ground and for the reason that the operation of the automobile by him in the performance of the duties of his employment was not a hazardous business or occupation as contemplated by the Workmen's Compensation Law (Act No. 20 of 1914, as amended). Plaintiff's right to recover is resisted on the additional ground that the accident, causing the loss of his foot, did not arise out of his employment nor out of his master's business, but, on the contrary, out of an incident purely personal to plaintiff.

There was judgment for plaintiff as prayed for. Defendant appealed.

We held in Youngblood v. Colfax Motor Co., Inc., 12 La. App. 416, 125 So. 883, 884, that "One driving, selling, and delivering motor vehicles is engaged in the operation of 'engines' and 'other forms of machinery,' within the terms of the Employers' Liability Act."

The Supreme Court, in Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A. L. R. 1380, held that the deceased driver of a motor (gasoline) truck was engaged in a hazardous business under the provision of the Workmen's Compensation Law, which declares the following named occupations hazardous, viz.: "The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery." Act No. 20 of 1914, § 1, par. 2, subd. (a).

The operation of engines and all forms of machinery is specifically declared to be hazardous, and it is beyond dispute that automobiles, trucks, and other vehicles propelled by power generated by the internal combustion engine are a "form of machinery" under the statute. That the operation of motor vehicles of all kinds is exceedingly hazardous is convincingly reflected every day by the accounts of killings and accidents in the daily papers. Therefore defendant's first defense to this suit falls.

■ We do not think defendant's contention that the accident to plaintiff did not arise out of his employment tenable.

It is seriously argued by learned counsel for defendant that plaintiff carried the gun in his car purely for personal uses and purposes, such as bird shooting, etc., and not to lend protection to his master's property while in his possession. Considerable stress is laid on the fact that plaintiff admitted that he first loaded the gun when about six miles east of Tullos when he saw a hawk light in a tree on the roadside; that he intended to take a shot at the hawk but it flew away before the loading was completed. We do not attach the same importance to this incident as does counsel. Having loaded the gun at this time, and it being near dusk of evening, it was but natural plaintiff would have left it loaded, in view of the apprehension he felt for his safety on the highway after nightfall. On the other hand, not fearing a holdup during the daytime, it is not surprising that he did not keep the gun loaded during the day. It is certain that prior to the experience he had between Winnfield and Alexandria on April 18th, before he was injured, he did not carry his gun on the trips he made for his employer. There is no substantial reason offered for his carrying it afterwards, save that given by himself. Defendant only conjectures that he adopted the practice for other purposes. It would scarcely be denied that plaintiff is entitled to recover if his allegations on this phase of his case are correct. To hold that he is not entitled to recover is equivalent to holding that he is not worthy of belief. The judge of the lower court who heard him testify, and probably knows him personally, did not take this view of his testimony. Certainly we are not warranted in reversing him on such a question of fact.

■ It cannot well be argued that, in view of the character of plaintiff's duties, that of

carrying in his car merchandise of considerable value and cash and checks collected from customers, he was not necessarily exposed to greater risks and damages from robbers and highway men, who, of late years, ply their trade boldly, than he would have been exposed to had he not been so employed, and exposed to such risks and dangers to a much greater extent than any one else not so employed. This, as we understand the law, is the true test in such cases. Myers v. La. Ry. & Nav. Co., 140 La. 937, 74 So. 256; Dyer v. Rapides Lbr. Co., 154 La. 1091, 98 So. 677; Keyhea v. Woodard-Walker Lbr. Co. (La. App.) 147 So. 830, and cases therein cited (in this case the Supreme Court denied a writ of review, on the grounds that the judgment was correct).

Had plaintiff been attacked, robbed of his employer's property, and injured on a return trip to Alexandria, before he began to carry the shotgun, he would certainly have been entitled to compensation; and, since he has been injured, accidentally, by a weapon carried to prevent being robbed and perhaps injured, it seems clear to us that his case is compensable.

The judgment appealed from is affirmed, with costs.