168 So. 112

## CALDWELL v. GEORGE SPROULL CO., Inc.

No. 33818.

March 30, 1936.

Rehearing Denied April 27, 1936.

Julius T. Long, of Shreveport, for Sidney J. Caldwell, applicant.

Mabry & Carstarphen, Cook & Cook, and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, for respondent George Sproull Co., Inc.

LAND, Justice.

Plaintiff, Sidney J. Caldwell, brought this suit against defendant company under the Employers' Liability Act (Act No. 20 of 1914, as amended) of this state to recover a weekly compensation of $20 per week for 400 weeks, beginning on January 14, 1934; and, in the alternative, for a tort under article 2315 of the Civil Code, the amount claimed being the sum of $15,-000, with legal interest from judicial demand.

Judgment was rendered in the lower court in favor of plaintiff for weekly com-

pensation at the rate of $20 per week for 125 weeks, beginning January 14, 1934, less the sum of $300 to be deducted from the first amounts due on the judgment, with legal interest on each weekly installment not consumed by said credit, from its maturity until paid and all costs of this suit.

The fees of the two expert witnesses who testified in behalf of plaintiff are fixed in the judgment at $25 each, and the fees of the attorney representing plaintiff are fixed at one-fifth of the net amount plaintiff may collect on the judgment.

The judgment in favor of plaintiff was reversed on appeal by the Court of Appeal, Second Circuit, 164 So. 651, and the case is now before us for review under the writ of certiorari herein granted.

As plaintiff abandoned his claim under article 2315 of the Civil Code in the district court and did not assert the same in the Court of Appeal, the only question before us for decision is whether defendant company is liable under the Employers' Liability Act of the state.

In the year, 1925, defendant company, George Sproull Company, Inc., was organized and has engaged in both wholesale and retail of paints, varnishes, and wall paper.

In the year, 1928, the Standard Paint Manufacturing Company, Inc., was organized to manufacture such paint as was necessary to supply the needs of George Sproull Company, Inc.

About three months after the organization of this company, all of the stock was transferred to George Sproull Company, Inc., and the Standard Paint Manufacturing Company, Inc., was dissolved and all its assets became the property of George Sproull Company, Inc.

The paint factory of defendant company is located on the Mansfield road about three miles from its wholesale and retail store at 522 Common street in the city of Shreveport, La.

None of the employees of the factory, which is very small and employs only three men, ever performs any duties at the wholesale and retail store, and none of the employees of the store, ten in number besides George Sproull himself, ever performs any services at the factory. Only such paint as is necessary to meet the needs of the wholesale and retail store is manufactured. As the wholesale and retail store obtains paints from the factory as needed, the factory is credited on the books with the amount so obtained and the store is debited with this amount.

No books are kept other than at 522 Common street, the wholesale and retail store, which sells numerous products and merchandise not manufactured by the factory.

The plaintiff is a paperhanger by trade and was employed by George Sproull Company, Inc., to do a special job of papering at its wholesale and retail store at 522 Common street, Shreveport, La. Plaintiff had worked two days and, while papering, fell from a scaffold and injured his ankle.

Defendant company has never engaged in the business of contracting for papering or painting houses. Its exclusive business

is the manufacture and sale, wholesale and retail, of paints, varnishes, and wallpaper. At no time has plaintiff been employed by defendant company in any capacity, either at its factory or at its wholesale and retail store, or in hauling or handling in any way any of its products.

As plaintiff was never employed by defendant company to work or serve in any capacity in the course of his employer's business, but only as an outside workman to do a special job of paperhanging, it cannot be held that he was an employee of defendant company under the Employers' Liability Act of this state, and it is immaterial, therefore, under the facts of this case, whether the business in which defendant company is engaged is hazardous.

It is therefore ordered that the judgment of the Court of Appeal, Second Circuit, be and is hereby affirmed.

O'NIELL, C. J., absent.