McALLISTER v. PEOPLES HOMESTEAD & SAVINGS ASS'N.

No. 5361.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

M. C. Redmond, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

Plaintiff, an employee of the Peoples Homestead & Savings Association, a building and loan corporation in the city of Monroe, La., instituted this suit against his employer for compensation under Act No. 20 of 1914, as amended.

To plaintiff's petition, defendant filed an exception of no cause or right of action which was sustained by the lower court, and on appeal to this court the judgment of the lower court was reversed

and the case remanded to be tried upon its merits. The exception was sustained below on the ground that plaintiff did not allege facts to show that defendant was engaged in a hazardous business, trade, or occupation. We held plaintiff's petition did not preclude him from making such proof if he could. 164 So. 444.

The case has been tried on the merits below, and the judgment of the lower court rejected plaintiff's demands. He has again appealed to this court.

The testimony adduced on the trial on the merits clearly shows that defendant was not engaged in a hazardous business, trade, or occupation, as defined by the Workmen's Compensation Act, and, therefore, does not come under said act.

The business of defendant is lending money to home owners and owners of business property, and in doing so, under a special provision of the law of this state, it would take a deed to the property on which money was loaned and at the same time deed the property back to the borrower, retaining a special mortgage and vendor's lien against it. In the course of many years' business it was forced to foreclose a great many of these mortgages, and especially during the depression era. To protect its interest, defendant would buy in the property, then rent it until such time as it could secure a satisfactory sale of same. Through this process the defendant became the owner of much property, mostly residences and some business property, which it rented. In order to rent the property, it was necessary that it be kept in a state of repair. The number of residences and other buildings acquired by defendant in the manner above stated was sufficient to justify it in putting in a repair department, in which department it kept employed regularly a certain number of carpenters, plumbers, painters, etc. The sole and only work done by or through this repair department was on the property owned by defendant. The employees in this department did not at any time work on the property of any one else, nor would they have been allowed to do so by defendant. Defendant did not, through this department or otherwise, do any repair or construction work for the public or for any one. It used this department solely to keep its own property in a state of repair.

Under the facts above alleged, about which there can be no dispute, we are of the opinion the business of defendant was not hazardous within the intendment of the Workmen's Compensation Act of Louisiana.

Act No. 20 of 1914, § 1, subd. 2, sets out who is entitled to compensation as follows: "Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations."

And among the hazardous occupations defined, we find the following: "Work in any of the building or metal trades in the erection, construction, extension, decoration, alteration, repair or demolition of any building or structural appurtenances." Section 1, subd. 2.

This is the provision of the act under which plaintiff claims the right to recover.

A mere reading of the above portion of the act makes it clear that the defendant herein is not liable for compensation unless his trade, business, or occupation is, under the facts here, among other things, the erection, construction, repair, decoration, or alteration of buildings. In order for this to be its business, trade, or occupation, it would necessarily have to offer its services to others for a consideration. The mere fact that it repaired its own buildings is not sufficient. One who rents property is not engaged in a hazardous business. In order to rent property it necessarily must be kept in a state of repair. What difference does it make whether there is one house to rent or several hundred? We think there is no difference. White v. Equitable Real Estate Co., 18 La.App. 714, 139 So. 45.

While it is true that the work as a plumber, which was being done by plaintiff at the time of the accident and his injury, is hazardous, it makes little difference, for the nature of the trade, business, or occupation of the defendant, and not the particular duty or service of the employee, the plaintiff, determines the right to compensation. DeLony v. Lane (La. App.) 155 So. 476; Kern v. Southport Mill, 174 La. 432, 141 So. 19; Charity Hospital of Louisiana v. Morgan (La. App.) 143 So. 508; Blane v. Iglehart, 5 La.App. 17; Lay v. Pugh, 9 La.App. 183, 119 So. 456; White v. Equitable Real Estate Co., supra; Jarrell v. Ewing, 7 La. App. 502; Ham v. Domill Const. Co., 8 La. App. 797; Shipp v. Bordelon, 152 La. 795,

94 So. 399; Horrell v. Gulf & Valley Oil Co., 15 La.App. 603, 131 So. 709; Bradley v. Blakely (La.App.) 154 So. 415.

Plaintiff relies upon the following cases:

Holland v. Continental Casualty Co. (La.App.) 155 So. 63. In this case the defendant admitted it was engaged in a hazardous business.

Atkins v. Holsum Cafeteria, Inc. (La. App.) 159 So. 758. This decision is good authority for the view we have taken herein, and in no wise conflicts.

He also relies upon the case of Clementine v. Ritchie, 1 La.App. 296, and Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303. There is no conflict between these cases and our finding herein.

It therefore follows that the judgment of the lower court is correct, and it is affirmed, with costs.