This is a suit in which plaintiff claims compensation for injuries received while engaged in papering the room of a dwelling on premises leased by defendant.
There is little if any conflict as to the facts, Plaintiff, who follows the trade of a painter and paper hanger, was employed by defendant to paper one room of a house on premises which were under lease to defendant. The house was situated at the rear of the leased premises in the front of which was located the building in which defendant conducted his trade or occupation of glazier. The house on the rear of the lot was subleased by defendant to tenants. There is some dispute as to whether plaintiff was employed, as he alleges and contends, as a day laborer at a rate of pay of fifty cents per hour, or whether, as asserted by defendant, he was employed to perform the job of papering at a stipulated contract price of $12.00. We think this point immaterial with respect to a determination of this case.
On the first day at work on the job plaintiff sustained a fall which resulted in serious and impairing injuries.
The only other material issues bear upon the business, trade or calling of the defendant. Plaintiff's petition alleges, inter alia, that he was injured while "performing services arising out of and incidental to his employment in the course of the business of the said Smith of decorating, repairing and building, papering, painting and renting houses, * * *".
The record conclusively establishes the fact that defendant is a glazier, and, before engaging in this trade or occupation, that he was engaged in the automobile wrecking business. But it is contended on behalf of plaintiff that because defendant owns and leases certain property and leases and subleases other property, he is engaged in the business described in the above quoted allegation from plaintiff's petition, which, consequently, is hazardous and brings him within the purview of the workmen's compensation statute. Act No. 20 of 1914, as amended.
This case was brought before us on another occasion by the appeal of plaintiff from a judgment sustaining exceptions of no right of action. The judgment was reversed and the case remanded for trial on the merits for the reasons set forth in the opinion of the court. See 35 So.2d 613. After trial on the merits, in compliance with the order of remand, there was judgment for defendant rejecting plaintiff's demands, from which judgment plaintiff prosecutes this appeal.
The only issue tendered is a question of law which may be briefly stated as follows:
Is a person who owns and leases buildings which he keeps in repair, decorates and rents to tenants, engaged in a business of *Page 801 
such nature as makes him liable, under the workman's compensation statute of our State, for an injury sustained by an employee in the performance of services arising out of and incidental to such a business?
Examination of numerous cases which have arisen in this state involving this question or some phase thereof discloses the fact that our appellate courts have failed to establish any well defined principle or rule, and have, at times, appeared to confuse what seems to be a simple and clear-cut issue. Clementine v. Ritchie, 1 La. App. 296; Shipp v. Bordelon,152 La. 795, 94 So. 399; Wilkie v. Langlois, La. App., 164 So. 434; Lay v. Pugh, 9 La. App. 183, 119 So. 456; Jarrell v. Ewing, 7 La. App. 502; White v. Equitable Real Estate Board, 18 La. App. 714, 139 So. 45; McAllister v. People's Homestead Savings Association, La. App., 171 So. 130; Wood v. People's Homestead Savings Association, La. App., 177 So. 466; Rayburn v. DeMoss, 194 La. 175, 193 So. 579; Caldwell v. Sproull,184 La. 951, 168 So. 112, 113.
In the course of an excellent article on hazardous businesses and employments under the workmen's compensation law of Louisiana, Professor Wex S. Malone discusses the above cited cases, as well as a number of others which are related to the consideration of the question at issue, 22 Tulane Law Review, page 436 et seq.
In Caldwell v. Sproull, the Supreme Court predicated its refusal of compensation on certain grounds which are succinctly stated in the following extracts from the opinion:
"The plaintiff is a paper hanger by trade and was employed by Geo. Sproull Company, Inc., to do a special job of papering at its wholesale and retail store at 522 Common Street, Shreveport, Louisiana. * * *
"Defendant company has never engaged in the business of contracting for papering or painting houses. * * *
"As plaintiff was never employed by defendant company to work or serve in any capacity in the course of his employer's business, but only as an outside workman to do a special job of paperhanging, it cannot be held that he was an employee of defendant company under the Employers' Liability Act of this state, and it is immaterial, therefore, under the facts of this case, whether the business in which defendant company is engaged is hazardous."
In our opinion the facts of the instant case track those of the Sproull case. Plaintiff in the cause before us followed the trade of a painter and paper hanger; he was engaged by defendant to do a special job which consisted of papering one room of a dwelling house, and, finally, the record establishes the fact that the business, trade or calling of this defendant was that of a glazier, in pursuit of which he occupied a shop entirely separate and distinct from the building in which plaintiff was engaged to perform his work.
However, learned counsel for plaintiff vigorously contends that since defendant owned and leased property, which he leased and subleased for profit, as a consequence he is engaged in a business which makes him liable for the injuries of an employee sustained while repairing or decorating the improvements on said properties.
With due regard for the sincerity and zeal of the argument presented, we do not think such a fine distinction is justified. Counsel appears to anticipate a consideration on our part of the proposition that since this defendant owned only two houses and leased another, which he subleased, his leasing or renting "business" would be of such small moment and importance as would fail to justify a holding of liability. We do not propose to adopt such a line of reasoning, primarily because we do not feel that the degree or extent of ownership of tenant property is a proper gauge or standard by which to measure liability.
We prefer to follow the principle enunciated by the Supreme Court in the Sproull case which leads us to the inescapable conclusion that plaintiff must be denied relief in view of the fact that he was not employed by the defendant to perform any work or render any service in the course of the said defendant's business.
While we think this finding disposes of the matter, we are constrained to observe that the facts in the instant case would not, in our opinion, justify a holding that this defendant in the course of renting or leasing *Page 802 
his properties is engaged in that nature of hazardous business or enterprise which is contemplated under the workmen's compensation statute.
Counsel for plaintiff cites and emphasizes the importance of Sneeden v. Industrial Commission, 366 Ill. 552, 10 N.E.2d 327, 113 A.L.R. 1447, in support of his contention that one who rents a building for profit, although chiefly engaged in another business, is liable for compensation to an injured employee. Examination of the cited case discloses a reference in the opinion in support of this principle to subsection (1) of Section 3 of the Workmen's Compensation Act of the State of Illinois, Smith-Hurd Stats. c. 48, § 139, subd. 1. The syllabus on this point indicates that the statute is "automatically applicable to employers and their employees engaged in the erection, maintaining, removing, remodeling, altering or demolishing of any structure". We can only conclude that the point is specifically covered by the Illinois statute and therefore would not be persuasive in this jurisdiction under the terms of a different statute.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.