HOFFPAUIR, Judge ad hoc.
This is a direct action brought under the Workmen’s Compensation Law of the State ■of Louisiana by an employee against the employer’s insurer. The plaintiff alleges in his original petition that the employer, Ned J. Matherne, was engaged in the business •of constructing buildings and is therefore hazardous within the meaning of the Workmen’s Compensation Law. Plaintiff further alleges that he was employed as a •carpenter and was injured while acting within the scope of that employment, for ■which the defendant had paid him com•pensation for a period of 10 weeks. By a supplemental and amended petition the plaintiff alleges, in the alternative, that he was an independent contractor but that a ■substantial part of his work was spent in ■manual labor. He alleges that he, therefore, comes under the provisions of LSA-:R.S. 23:1021(6).
Defendant has filed exceptions of no right and no cause of action. By agreement evidence was produced in connection with the exception of no right of action'.
The trial judge, after hearing the evidence offered in connection with the exception of no right of action, rendered a well written opinion sustainting the exception of no right of action and, dismissed plaintiff’s suit. A devolutive appeal was taken by plaintiff to this court.
A review of the evidence offered in connection with the exception of no right of action establishes that the employer had been employed by the General Chemical Company in the Parish of East Baton Rouge for several years' and that he was so employed as of the date of plaintiff’s employment and the date of the accident. The only construction or building work which he had ever been engaged in was the construction of his own residence. It was during the construction of this residence that plaintiff, as his employee, was injured. Plaintiff alleged that he was paid by defendant at the rate of $140 per week. However, the record does not reflect this. Rather, the evidence indicates that plaintiff was paid by his employer at the rate of $2.12% an hour, that being the carpenter’s scale at that time. The defendant contends that the plaintiff is not entitled to the benefit of the provisions of the Workmen’s Compensation Law because his employer was not engaged in the construction of buildings as a trade, business or occupation, and was not therefore hazardous within the meaning of the Compensation Law. We do not believe that plaintiff has established that the employer had the business or occupation of constructing buildings and under the apparently well settled line of jurisprudence of this State, the provisions of the Workmen’s Compensation Statute do not apply. Caldwell v. George Sproull Co., Inc., 184 La. 951, 168 So. 112; Shipp v. Bordelon, 152 La. 795, 94 So. 399; Brooks v. Smith, La.App., 41 So.2d 800; Story v. Globe Indemnity Co., La.App., 61 So.2d 582. The record adequately establishes that the employment by plaintiff was in connection with the construction of a building by his employer which was separate and apart *536 from his regular occupation as a mechanic with the General Chemical Company, and in. view of the jurisprudence cited above, plaintiff’s accident did not occur in the course of the employer’s trade, business or occupation.
Plaintiff further contends that the fact that the defendant had issued a policy of insurance to cover the employees in the construction of his home, and the payment of compensation to the plaintiff as a result of the accident, estops it from denying liability here. This contention is not well founded. LSA — R.S. 23:1204 states;
“Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.”
Fields v. General Casualty Co., 216 La. 940, 45 So.2d 85.
By supplemental petition, plaintiff states that the employer had agreed to pay him a stipulated price per week until all carpentry work had been done on his house and that therefore he is entitled to recover as an independent contractor. We think the record reflects that plaintiff was employed by the insured employer to do carpentry work at an hourly wage and he was not engaged as an independent contractor. The trial judge reasoned that it would make no difference if plaintiff was an independent contractor covered by the statute since he would be in the same position as an employee, and therefore faced with the same bar to recovery. We see no reason to disagree with his opinion.
Therefore, the judgment appealed from sustaining the exception of no right of action and dismissing plaintiff’s suit is affirmed. Appellant to pay all costs of this appeal.