153 So.2d 106 (1963)
Landry EDWARDS
v.
Emily F. STAFFORD.
No. 5854.
Court of Appeal of Louisiana, First Circuit.
May 3, 1963.
*107 Cobb & Brewer, by Arthur Cobb, Baton Rouge, for appellant.
Breazeale, Sachse & Wilson, by H. Payne Breazeale, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiff herein, Landry Edwards, has taken this appeal from a summary judgment of the trial court dismissing and rejecting his demand against defendant, Emily F. Stafford, for maximum workmen's compensation benefits allegedly due appellant because of total permanent disability resulting from an accident which occurred during the course of his employment by appellee.
The facts and circumstances giving rise to this litigation are not in serious dispute between the litigants. As shown by affidavits of plaintiff and defendant made part hereof, defendant, a widow, as surviving spouse in community of her deceased husband, owns an undivided one-half interest in and enjoys the usufruct of the other undivided one-half of a house bearing Municipal Number 236 St. Louis Street, Baton Rouge, Louisiana. In addition to the aforesaid St. Louis Street property, defendant is the owner of a separate residence in which she resides. Since defendant and her daughter were placed in possession of the St. Louis Street property in succession proceedings had subsequent to the death of defendant's husband, said premises have been rented by appellee to an attorney-at-law for use as an office. Defendant has no other occupation or business, the rental from the leased premises being utilized by her for her maintenance.
On February 28, 1962, plaintiff was engaged by defendant to remove the old wallpaper, paint the woodwork, hang new wallpaper and do other renovation and repair to the St. Louis Street property. During the course of performing the aforesaid work, on March 14, 1962, plaintiff fell from a step ladder while removing wallpaper from an upstairs bathroom.
The single issue presented by this appeal is whether plaintiff's employment by defendant falls within the scope and purview of the workmen's compensation law of this state. More precisely, as stated by astute counsel for plaintiff in his brief, the question *108 before the court is whether an employee, hired by one engaged in a non-hazardous trade, business or occupation for the express purpose of making capital repairs, is within the coverage afforded by our workmen's compensation law.
Defendant maintains she was not engaged in any trade, business or occupation within the meaning and intendment of the term "trade, business or occupation" as used in the workmen's compensation law of this state. In essence defendant argues the renting of one house or building does not constitute a "business" and further contends she is not engaged in repairing or renovating houses or buildings as a business but merely undertook to repair her own premises.
Able counsel for appellant argues, however, the renting of a single house or other building for revenue, gain or profit constitutes a trade, business or occupation and the repair and construction of such a house or building (as distinguished from construction or repair of one's own private, personal residence) is hazardous employment within the scope and during the course of such business.
The law of this state is well settled to the effect the applicable workmen's compensation statute does not purport to render all employers liable for compensation benefits but embraces only such occupations, trades and businesses as are therein expressly declared hazardous or are found to be hazardous by the courts. To be eligible for compensation benefits, not only must the employee be engaged in work of a character falling within the designated trade, occupation or business, but also the work must be of that character and the employer must be engaged in that line of work as a business, trade or occupation. LSA-R.S. 23:1035; Shipp v. Bordelon, 152 La. 795, 94 So. 399; McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645. In this regard, we note and cite with approval the following language appearing in the McMorris case, supra, towit:
"Decisive here, we think is our holding in the landmark case of Shipp v. Bordelon, 152 La. 795, 94 So. 399. Therein, the plaintiff was injured while employed by the defendant, a physician by profession, in making repairs on a house owned by the latter. Holding that the repair work being done was not incident to or in the course of the employer's trade, business or occupation, and denying workmen's compensation to the plaintiff, this court said:
"`The Employers' Liability Law of this state does not purport to make all employers of labor liable for compensation, but plainly and distinctly limits its operations to certain specified trades, businesses, and occupations, which in their very nature are hazardous, as well as others not mentioned, which may, under certain conditions, be found to be hazardous, and to cases where the parties by mutual consent agree to come under its provisions. * * *

* * * * * *
"`Hence, we see that it is not enough that the employe shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done "in the course of the employer's trade," etc., in certain trades, businesses, etc. In other words, the work must be of that character, and the employer must be engaged in that line of work as a trade, business, or occupation, in order that the act may apply. * * *

* * * * * *
"`We agree with counsel that it is not required, under our law, that the business of the employer must be exclusive, for one may have a dozen trades, businesses, or occupations. But, to become liable for compensation, *109 he must be actually so engaged, as a trade, etc., and it is not enough that the work done should be hazardous if it be not also incident to or in the course of the trade, business, or occupation of the employer which is within itself hazardous under the statute. * * *'
"The Shipp decision was cited with approval in Fields v. General Casualty Company of America, 216 La. 940, 45 So.2d 85. Also, it has been followed in numerous cases decided by the Courts of Appeal, including Gerstmayr v. Kolb, La.App., 158 So. 647; Wilkie v. Langlois, La.App., 164 So. 434; Weaver v. Mutual Building & Homestead Association, La.App., 195 So. 384 (writs refused); Franz v. Sun Indemnity Company of New York, La. App., 7 So.2d 636; and Prater v. Sun Indemnity Company of New York, La. "App., 38 So.2d 663."
Although the employment may be a hazardous one, the employment does not fall within the purview of our workmen's compensation statute unless it is a regular part of the employer's trade, business or occupation. LSA-R.S. 23:1035; Cannon v. Michigan Mutual Liability Co., La.App., 66 So.2d 534; Caldwell v. George Sproull Co., Inc., 184 La. 951, 168 So. 112.
It appears equally well settled that although the work of the employee is hazardous and the business of the employer is likewise hazardous no compensation is due the employee unless his employment is part of the business of the employer. Thus, a repairman injured in the repair of his employer's residence, where the employee is engaged solely for that purpose, is not entitled to compensation. Gerstmayr v. Kolb, La.App., 158 So. 647; Prater v. Sun Indemnity Co. of New York, La.App., 38 So.2d 663. This rule, however, appears to have been modified by the holding in Speed v. Page, 222 La. 529, 62 So.2d 824, discussed, infra.
Esteemed counsel for appellant astutely contends the jurisprudence established by the Gerstmayr and Prater cases (and decisions therein cited and relied upon) is inapplicable to the case at bar inasmuch as those authorities involved situations wherein the employee was injured while performing work on the residence of the employer concerned whereas in the case at bar appellant received injuries while engaged in work (repair) on a building rented for gain or profit.
Established jurisprudence, however, does not support counsel's contention. In Brooks v. Smith, La.App., 41 So.2d 800, the employee was injured while employed by defendant to paper one room of a house subleased by defendant to sublessees, defendant himself having leased the house and another building in which he conducted his trade as a glazier from the owner of the premises. The question presented was stated as follows:
"Is a person who owns and leases buildings which he keeps in repair, decorates and rents to tenants, engaged in a business of such nature as makes him liable, under the workmen's compensation statute of our State, for an injury sustained by an employee in the performance of services arising out of and incidental to such a business?"
In the Brooks case, supra, the court declined to make a distinction predicated upon the degree or extent of ownership of rental or tenant property as the criteria of liability for workmen's compensation benefits. The court, however, therein denied compensation on the ground the injured employee was not employed by defendant to perform work or render services in the course of the employer's business. In concluding as indicated, the court relied upon the Supreme Court decision rendered in Caldwell v. George Sproull Co., Inc., 184 La. 951, 168 So. 112.
The Caldwell case, supra, involved a paperhanger employed to do a special job of *110 papering at a wholesale and retail store operated by defendant whose business was exclusively the manufacture and sale (wholesale and retail) of paints, varnishes and wallpaper. In denying compensation the Supreme Court pointed out that the employer had never engaged in the business of contracting for papering or painting houses and concluded as follows:
"As plaintiff was never employed by defendant company to work or serve in any capacity in the course of his employer's business, but only as an outside workman to do a special job of paperhanging, it cannot be held that he was an employee of defendant company under the Employers' Liability Act of this state * * *."
In Jarrell v. Ewing, 7 La.App. 502, the employee was engaged by a physician to remodel a house for the purpose of making it suitable for renting and compensation was denied on the ground the injury did not occur in the course of the employer's business.
The leading case of Shipp v. Bordelon, 152 La. 795, 94 So. 399, concerned an employee engaged by a doctor to make repairs on a house in the City of Alexandria. Compensation was refused on the ground the employer was not engaged in the business, trade or occupation of building or repairing houses or other buildings but merely found it necessary to repair a certain structure. By per curiam the court indicated the result would remain unchanged even though the house were situated on the defendant's farm. Admittedly in the Shipp case, no issue was made of the use to which the building was being put. It appears, however, the principle of the Shipp case was applied to the business of owning and leasing buildings for profit in the relatively early case of White v. Equitable Real Estate Co., 18 La.App. 714, 139 So. 45, wherein the employer, a real estate company, engaged plaintiff's son to make repairs to the roof of a building rented for profit. While so engaged, the employee suffered a fatal accident. It is readily apparent the White case, supra, is squarely in point with the case at bar.
McAllister v. Peoples Homestead & Savings Ass'n, La.App., 171 So. 130, involved an instance wherein a loan association became owner, by foreclosure, of certain residential and business properties which it rented. To rent the properties thusly acquired, it became necessary to keep same in good repair. The number of units involved was such as to warrant installation of a repair department regularly employing a number of carpenters, plumbers and other building and repair craftsmen. The sole and only work done by or through defendant's repair department was on property owned by defendant. The court therein held that in order for construction, repair, decoration or alteration of one's own premises to constitute one's business, trade or occupation, such services would necessarily have to be offered to and performed for third parties for consideration. In citing with approval White v. Equitable Real Estate Co., 18 La.App. 714, 139 So. 45, the court denied compensation noting that it mattered not whether the employer rented one unit or several hundred. The court further observed rent property must necessarily be kept in a state of repair but that one who rents buildings is not engaged in a hazardous business.
Wood v. Peoples Homestead & Savings Ass'n, La.App., 177 So. 466, relied upon by learned counsel for appellant, is clearly distinguishable from the McAllister case as well as the case at bar. In the Wood case compensation was sought against the same defendant involved in the McAllister case. The court, however, reached a result contrary to the McAllister case predicated upon evidence not adduced in the prior case. It was expressly concluded in the Wood case that defendant's repair department was therein shown to be in the business of repairing and renovating houses and buildings by virtue of its offering its repair services to and performing such work for third *111 persons for consideration. More precisely, in the Wood case, defendant was shown to customarily repair, remodel and reconstruct buildings for its customers when making loans and taking mortgages on homes as security therefor. Upon repairing residences on which defendant held a mortgage, the cost of such repairs was charged the owner which, of course, increased defendant's loan on which interest was collected. Although it was not shown defendant made a profit on the repair work as such, this fact was deemed immaterial it being considered sufficient that work of such character was performed for third persons and defendant charged therefor.
In Weaver v. Mutual Building & Homestead Ass'n, La.App., 195 So. 384, our brothers of the Court of Appeals, Orleans (now the Fourth Circuit), in reaching a result similar to that found in the McAllister case, commented upon both the McAllister and Wood cases and inferred disagreement with the Wood case. We, however, have no quarrel with the Wood case inasmuch as we consider it clearly and properly distinguishable from the McAllister case for the reasons hereinabove indicated. Under the circumstances shown, we believe the correct result was reached in the Wood case considering it is elementary that an employer may have more than one business and that if any one of several businesses pursued by an employer is hazardous, clearly, insofar as said hazardous business is concerned, the employer is amenable to our workmen's compensation statute.
The Supreme Court, in Rayburn v. DeMoss, 194 La. 175, 193 So. 579, held that notwithstanding a dairy business has hazardous features, no compensation was due a carpenter injured while employed to build a barn for a dairy owner where the employee was not required to render services connected with the hazardous aspect of the employer's business.
The principle enunciated in the Caldwell Case, supra, was applied in Story v. Globe Indemnity Co., La.App., 61 So.2d 582, wherein the operator of a plumbing, hardware retail and construction business assigned one of his employees to complete construction of a camp which the court found was separate and distinct from the employer's business and was not shown by the evidence to have been erected for business purposes. In affirming the decision of this court in the Story case, the Supreme Court found no evidence which established with certainty that the employee concerned was performing services arising out of and incidental to the plumbing business and also found no evidence indicative of the employer's engagement in the construction business at the time of the accident. (See 223 La. 689, 66 So.2d 611).
Esteemed counsel for appellant argues Speed v. Page, 222 La. 529, 62 So.2d 824; Troquille v. Lacaze's Estate, La.App., 59 So.2d 505 and Landry v. Fuselier, 230 La. 271, 88 So.2d 218, are authority for the principle an employer is liable in compensation to an employee engaged in the repair of the employer's own buildings. We note the Speed case, supra, (decided by the Supreme Court) to be clearly distinguishable from the case at bar on the ground the building being repaired housed an admittedly hazardous business conducted by the employer, namely, a moving picture theatre. Troquille v. Lacaze's Estate, supra, (Second Circuit) concerned a repairman furnished a truck by his employer in connection with the employee's duties as foreman or manager of a repair crew engaged to build or repair houses and other farm structures on the employer's farm properties. Coverage under the compensation act was therein predicated upon the finding the employee came in contact with a hazardous feature (operation of the truck) of the employer's non-hazardous business (operating farms). We find nothing in the Troquille case indicative of intention to hold that repairs of rental property, per se, falls within the contemplation of the workmen's compensation law of this state. We do note, however, the court therein was evidently impressed with the number of tenant houses involved and, in *112 our opinion, unnecessarily included the following obiter dicta:
"We are further of the opinion in the instant case, notwithstanding the non-hazardous classification of the occupation or pursuit of farming, that the maintenance, repair, demolition and construction of large numbers of structures or buildings is an additionally hazardous feature of the principal pursuit or occupation. In other words, the maintenance of some ninety tenant houses, more or less, in defendant's farming operations, as an adjunct thereto, constitutes, in our opinion, an additional hazardous feature. * * *"
Landry v. Fuselier, alluded to by counsel for appellant, also followed the principle enunciated in the Speed case, supra, on the finding that lumber from the demolition job on which the employee was injured was to be used in the repair of the employer's service station, admittedly a hazardous business. Again, we have no quarrel with this decision on the finding shown. It is not decisive of the instant case, however, because appellee herein is not engaged in the business of repairing houses but merely renting them.
In our opinion, the significance of the size of the employer's operation (as expressed in the hereinabove quoted dicta from the Troquille case, supra,) has been rejected in the McAllister, White and Brooks cases, and rightly so in the opinion of this court. In our opinion, it is not a question of the number of rental units involved but whether the employer is engaged solely in repairing his own building or buildings. We believe any distinction predicated on the number of rental units involved can only lead to confusion and uncertainty. In our opinion, an employer renting one building or house is engaged in the business of renting real property as much as the employer owning 100 units or more. It is not the number of units owned by the employer which characterizes the business as hazardous but the nature of the business itself. A business nonhazardous by its nature is not rendered hazardous by the mere multiplication of locations at which it is conducted. For example, in our judgment no sound reason appears for holding the operator of one grocery store is not engaged in a hazardous business whereas if he opens a second or third establishment of like nature, the business is thereby made hazardous.
A recent case dealing with the subject matter before the court is McDonald v. Ouachita Commercial Insurance Agency, La.App., 129 So.2d 296, which involved a carpenter's helper employed by the lessee of a building to renovate the interior thereof. The lease obligated the lessee-employer to renovate the interior of the building and maintain same in good repair. The court held therein the business of operating an insurance agency was not a hazardous enterprise, it possessed no hazardous features and the hazardous employment of repairing was not in the course of the employer's business. On the authority of Shipp v. Bordelon, supra, the court concluded the employer was not liable for compensation benefits.
While it is quite true, as pointed out by esteemed counsel for appellant, the Brooks case, supra, involved an action against a lessee and not an owner, we have not been shown any cogent reason for imposing compensation benefits in the case of the owner and exempting the lessee who rents as a business or who rents housing accommodations for a non-hazardous business. The principle involved appears identical. An individual may be in the business of renting through leases and sub-leases as fully and completely as though he owned outright the property involved.
By way of summarizing the decisions dealing with the subject matter under consideration, it appears that unless the employer's business is hazardous (Speed v. Cage and Landry v. Fuselier, supra,) or has *113 hazardous features with which the employee comes in contact (Troquille v. Lacaze's Estate, supra,) there is no liability for compensation unless the employment was a part of work in which the employer was engaged as a trade, business or occupation. (Wood v. Peoples Homestead & Savings Ass'n, supra).
In the recent case of Brown v. Hartford Accident & Indemnity Company, 240 La. 1051, 126 So.2d 768, the Supreme Court was presented an opportunity to repudiate the rules established by the authorities herein reviewed and declined to do so. The significant facts in the Brown case were that the proprietor of a bookbindery also owned seven pieces of real estate producing monthly income in excess of $1100.00. Plaintiff therein was employed as a porter and handyman at the bookbindery and, in addition to his duties at his employer's place of business, from time to time, he performed odd jobs for his employer on some of the rental units in question. While assisting in the repair of a building containing his employer's residence and a rental apartment plaintiff sustained injuries. The trial court and Court of Appeal denied liability on the ground the employer had two businesses, namely, the bookbindery and the renting of dwelling units and that the employer was not engaged in the repairing of property as a business. We deem it significant that neither the Court of Appeal nor the Supreme Court pitched its decision on the fact that the repair work was being done on the employer's residence which also contained a rental unit. In reversing the Court of Appeal, the Supreme Court expressly found the employee (a regular employee of defendant) was employed in the bookbindery (a hazardous business) and having been ordered by his employer to perform the work, the services performed arose out of and were incidental to his employment at the bookbindery. Predicated on the ruling in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (and other cited authorities) the Supreme Court held the employer is precluded from raising the question of whether services performed arise out of the employee's business when such services are being performed under special instructions from the employer. The ruling in the Brown case, is clearly inapplicable to the case at bar. Plaintiff herein was not in the regular employ of defendant but was engaged solely for the purpose of performing repairs, a business in which the present defendant is not engaged.
In his specification of errors, learned counsel for appellant complains the trial court improperly granted appellee's motion for summary judgment for the reason genuine issues of material facts exist between the parties consequently this cause should be remanded to the lower court for trial on the merits.
The procedure governing motions for summary judgment is set forth in LSA-C.C.P. Article 966, which reads as follows:
"Art. 966. Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Although esteemed counsel for appellant likewise filed in the court below a motion *114 for summary judgment on behalf of appellant notwithstanding defendant has not answered appellant's demand, nevertheless, he presently contends genuine issues as to material facts exist, namely: (1) whether renting a building for law offices constitutes a trade, business or occupation within the purview of the workmen's compensation law; and (2) whether extensive alteration or repair of a structure rented as a law office constitutes a hazardous occupation within the meaning and intendment of the workmen's compensation law. In our judgment, however, the issues related by able counsel for appellant are questions of law rather than fact.
Moreover, the record herein indicates no issue of fact whatsoever is presented in the instant matter. Although the facts related in the affidavit filed in support of defendant's motion for summary judgment to some degree enlarge upon the allegations of plaintiff's petition, they contradict no material allegation of fact contained in plaintiff's complaint. Additionally, plaintiff apparently concedes the facts set forth in defendant's affidavit. Finally, plaintiff's own affidavit contains nothing contradictory to the statements contained in defendant's affidavit so it would appear the parties are in agreement as to the facts upon which appellant's claim is predicated.
In essence, the only genuine issue between the parties appears to concern and be related solely to the conclusions of law set forth in plaintiff's petition and defendant's motion for summary judgment and the supporting affidavit attached thereto.
Clearly, the instant matter falls within the scope of LSA-C.C.P. Article 966, and was properly disposed of by the learned trial judge on defendant's motion for summary judgment.
For the reasons hereinabove set forth the judgment of the trial court is affirmed.
Affirmed.