### CHARITY HOSPITAL OF LOUISIANA v. BOARD OF SCHOOL DIRECTORS OF ST. MARTIN PARISH et al.
#### No. 1086.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

L. O. Pecot, Dist. Atty., of Franklin, for appellant.

Emmet Alpha, of New Orleans, and Labbe & Guidry, of St. Martinville, for appellees.

LE BLANC, Judge.

Our original opinion and decree herein which rejected the demands of the plaintiff (140 So. 60) was based on a misconception of what seems to be the absolute right to compensation of a person engaged in the service of the state or of any incorporated public board, under paragraph 1 of section 1 of Act No. 20 of 1914. We were led into error in construing a part of the title of the act in connection with that paragraph and in limiting the rights of such person by misapplying some of its language. We gave too broad a meaning to the phrase in that paragraph which reads "according to and under the terms, conditions and provisions hereinafter set out in this act," when we held that it had reference to the nature of the business, trade, or occupation of the particular public board or body involved, and that the right of the employee depended on whether such business, trade, or occupation was hazardous or not.

Further consideration of the provisions of the act convinces us that we were wrong and that under paragraph 1 of section 1, persons in the service of the state or parish or other political subdivision or incorporated public board are entitled to recover compensation regardless of the nature or character of the business, trade, or occupation of the particular board or body for which they are performing service. Moreover, it is provided in the same paragraph that for such employee and employer, the payment of compensation shall be "exclusive, compulsory and obligatory" according to the terms, conditions, and provisions of the act thereinafter set out. It seems clear that this last phrase relates to the basis on which the amount of compensation will be computed, the manner in which it shall be paid, etc., and not to the nature of the employer's business.

It is only that class of persons who perform services for private individuals or corporations, as distinguished from those who work for the state or any of its agencies, whose rights depend on the nature or character of their employer's business, trade, or occupation which must be hazardous. This class comes under paragraph 2 of section 1 of the act under which such various trades and businesses are enumerated.

There is an exception made in paragraph 1 of section 1 with regard to those persons who are employed by a contractor who has contracted with the state or a parish, city or village, or incorporated public body or board. Of course, such persons are properly held not to be employees of the state or its agency and obviously they do not enjoy the same rights as those who are of that class.

In the case before us, Emile Bernis, as appears from the agreed statement of facts, was regularly employed by the school board of St. Martin parish to paint and repair the schools of the parish, and that it was in the performance of such services that he received the injuries for which he was treated at the Charity Hospital, plaintiff herein. He was not an employee of a contractor who had contracted with the school board to do that work. He was therefore an employee coming within the provisions of paragraph 1 of section 1 of the statute, enjoying an exclusive right to recover compensation. The fact that he was a patient at the Charity Hospital, and the value of the service and treatment that was administered to him there, is not disputed, nor is the right of the hospital to recover against him and his employer, in solido, granting that there was liability, questioned. This right the plaintiff derives from Act No. 126 of 1924 and Act No. 29 of 1928. It seems, however, that the plaintiff had relinquished its rights against Bernis, and for that reason judgment in the lower court was rendered solely against the school board as prayed for.

The foregoing considerations have led us to the conclusion that that judgment was correct and that we were in error in reversing it and rejecting the plaintiff's demands.

It is now therefore ordered, adjudged, and decreed that our original judgment and decree herein be and the same is now set aside and annulled, and it is further ordered, adjudged, and decreed that the judgment of the lower court be and the same is hereby reinstated and made the judgment of this court.