LOTTINGER, Judge.
This is a compensation proceeding in which the plaintiff, Mrs. Charles E. Story, seeks to recover compensation for three hundred weeks for herself and for the benefit of her minor daughter, Barbara Ann Story, for the death of plaintiff’s husband, Charles E. Story. The defendant, Globe Indemnity Company was the workmen’s compensation insurer of one Carl L. Nor-der, who, plaintiff alleges, was the decedent’s employer when the former was fatally injured on April 21, 1951. Recovery was denied by the lower court and the plaintiff has appealed.
It is alleged in the petition that Norder was engaged in the plumbing and hardware business and that the decedent was employed by him as a plumber, painter, carpenter and general handyman. It is further alleged that on the day of the accident, April 21, 1951, the decedent, while in the course and scope of his employment, and while engaged in painting the interior of a building for Norder, tripped and fell down a flight of steps striking his head on a concrete slab at the foot thereof resulting in a fractured skull which was the cause of death.
The defendant filed an answer in the nature of a general denial and also pleaded several alternative defenses which are set out as follows:
“12.
“That defendant herein, Globe Indemnity Company, did issue a policy of Workmen’s Compensation Insurance to Carl E. Norder, insuring the said Carl E. Norder’s business as a general plumbing, NOC gas, steam, hot water, or pipe fitting business, including house connections, including the drivers, chauffeurs and helpers of said Carl E. Norder while engaged in that specified business only.
“13.
“That at the time of the alleged accident herein sued upon, the deceased, Charles E. Story, was not employed by Carl E. Norder, in any capacity connected with the business described in the aforesaid policy of insurance and to which business only said policy extended.
“14.
“That therefore there is no insurance coverage under the policy herein sued upon which extended to the alleged liability of Carl E. Norder herein asserted.
“That in the alternative and only in the event that this Honorable Court should hold that the policy of insurance written by your defendant herein does extend to the alleged liability herein asserted, then in that event only and in the alternative your defendant with respect represents:
“15.
“That at the time of the alleged accident herein sued upon the decedent Charles E. Story, was not an employee of Carl E. Norder and there was no employment contract between them within the meaning of Workmen’s Compensation Act of the State of Louisiana for the reason that he was receiving no pay for the services alleged to have been rendered by him *584 and in connection with which the alleged accident herein sued upon arose.
“16.
“That on the contrary the said Carl E. Norder and the said Charles E. Story had discussed entering into a mutual assistance arrangement whereby the said Charles E. Story was to render certain services in the line of painting and carpentry work on said Carl E. Norder’s private and personal camp on the Amite River in exchange for which the said Carl E. Norder was to render certain plumbing services in the said Charles E. Story private residence which said arrangement was a work swap arrangement between the parties and for which no cash compensation was to be paid by either party to the other, which arrangement was also indefinite as to when the actual work thereunder was to begin and had not actually begun at the time of the alleged accident herein sued upon.
“17.
“That in the alternative and only in the event that it should be held by this Honorable Court that Charles E. Story was at the time of the alleged accident herein sued upon an employee of Carl E. Norder within the meaning of the Workmen’s Compensation Act of the State of Louisiana then in that event and only in the alternative defendant with respect represents:
“18.
“That if Charles E. Story was an employee of Carl E. Norder at the time of the alleged accident herein sued upon that he was not an employee of said Norder in any wise connected with the trade business or occupation of said Carl E. Norder as required by the Workmen’s Compensation Laws of the State of Louisiana but was an employee of said Carl E. Norder only in connection with his personal, private camp on the Amite River and that accordingly the alleged accident herein sued upon was not an accident arising out of the trade, business or occupation of Carl E. Norder nor was the death of Charles E. Story in the course of or arising out of the trade, business or occupation of Carl E. Norder but that said accident and death arose out of the course of the repairs to the personal, private camp of Norder in no wise connected with the trade, business, or occupation of Carl E. Norder.
“That in the alternative, and only in the event this Honorable Court should hold that at the time of the alleged accident herein sued upon that Charles E. Story was an employee in the trade business or occupation- of Carl E. Norder, then and in that event and only in the alternative defendant with respect represents:
“19.
“That the alleged accident herein sued upon did not arise out of or in the scope of the alleged employment of Sto?y by Norder but arose during the course of a private social party being staged at Norder’s camp by Norder for his and Story’s family,
“In the alternative and only in the event that this Honorable Court should find that the alleged accident and death herein sued upon did arise out of and in the course of the employment of Story in the trade, business or occupation of Norder, then in that event and only in the alternative defendant with respect represents:
“20.
“That defendant is informed and believes and therefore alleges that the sole and only proximate cause of the accident and death herein sued upon was the drunken and intoxicated condition in which Story was in just prior to the alleged accident.”
All of the factual questions involved are hotly disputed and the record contains a number of discrepancies in the testimony of the persons who testified on.behalf of plaintiff. The matter is further complicated by the fact that the decedent’s employer, Carl E. Norder, was married to the daughter of the plaintiff and the implication is *585 therefore made that the defendant’s assured has an interest in seeing that plaintiff recover. While the trial judge did not render written reasons for judgment, we are informed by counsel for plaintiff in their brief that in his oral reasons he cited and relied on the case of Caldwell v. George Sproull Co., 184 La. 951, 168 So. 112.
After a careful review of the entire record, we have come to the conclusion that the Caldwell case is decisive and that the decedent was not injured while “performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation”, as required by LSA-R.S. 23:1035.
While, as stated previously, the record contains many factual discrepancies, the evidence relating to the employer’s business and the accident itself seems to be fairly clear. It is shown that Norder had been in the plumbing business for a number of years and that recently he had erected a store in order to go into the hardware business also. The decedent had been in Norder’s employ several weeks before his death and had worked on the store itself as well as in the plumbing work. It was also shown that Norder owned a camp on the Amite River which had never been completed and that the decedent had, on the morning of the accident, agreed to work upon it. That afternoon, which was a Saturday, Norder and wife took the decedent, who was accompanied by his mother and daughter, from Norder’s place of business in Baton Rouge to the camp in order to point out the work that had to be done. The accident occurred shortly after their arrival.
There is some evidence in the record to the effect that in addition to the plumbing and hardware business, Norder also erected and sold houses, his testimony in that respect being “Well, I done that all along for the last twelve or fifteen years. I built a house every now and then and I would sell it.” He also stated that in that period he actually built and sold about twelve houses. The status of the camp upon which the decedent was to work, however, remains in considerable doubt. Both Norder and his wife stated that the camp was erected with business funds and materials and that it was used to entertain business associates and customers. In spite of this, however, it was also stated by Norder that he hoped to be able to sell the camp for a profit. It is significant that as of the date of the trial (March 21, 1952), the camp had never been completed: Nor does the record show that Norder had ever attempted in any way to actually sell the camp or to contact prospective purchasers.
Counsels fpr plaintiff make much of the fact that according to Norder’s testimony, the decedent’s wages while working on the camp would be entered on his payroll records and that the material purchased would have been paid for out.of business funds. These facts are unimpressive and of little help in determining the status of the camp though, for the record also shows that all of Norder’s business activities, including plumbing, hardware, building houses and maintaining rent property were all kept on but one set of books. While it may be true that Norder would have sold the camp had he had the opportunity to do so, or even that he hoped to sell it, we fail to find anything in the record which shows with any degree of certainty that the camp was erected for business purposes. Nor are we impressed by the fact that the camp was used on occasion to entertain prospective customers. To our minds, the erection of the camp was totally distinct, separate and apart from Norder’s businesses of plumbing, hardware retailing and house construction. Consequently, it necessarily follows that the accident which resulted in Story’s death was not one in the course of his employer’s trade, business, or occupation. See the Caldwell case, cited supra.
Counsels for plaintiff rely upon the case of Speed v. Page, La.App., 59 So.2d 138, recently decided by the Court of Appeal for the Second Circuit. The cited case and the one at bar are easily distinguished from the standpoint of the facts presented. In the Speed case, the employer was engaged in the motion picture business and the employee who was injured while doing demolition work on one of its buildings was thought by the court to have been in the *586 course of the business of the employer. In the case at bar, we fail to find a business relationship between the employer’s trade and the camp upon which the employee was to work and consequently he could not have been in the course of his employer’s business within the intendment of the compensation statute.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.