AYRES, Judge.
Bohman Stanley Stepan instituted this action against the Louisiana State Board of Education, Louisiana State School for Spastic Children and the Maryland Casualty Company for workmen’s compensation benefits at the maximum statutory rate and as for permanent and total disability, and for medical expenses incurred, for injuries alleged to have been sustained in an accident July 8, 1953, while he was employed at the Louisiana State School for Spastic Children by the Louisiana State Board of- Education. It was alleged that the Maryland Casualty Company was the workmen’s compensation insurer of the State Board of Education.
In sustaining an exception of no cause or right of action filed by the Maryland Casualty Company, the district court dismissed plaintiff’s demands as against that defendant.
After filing and urging to no avail exceptions to the jurisdiction of the court ratione personae and ratione materiae, of misjoinder of parties defendant and to the right of plaintiff to sue the Board of Education without the authorization of a special act of the Legislature, as well as no cause or right of action, the Louisiana State Board of Education filed an answer, denying plaintiff’s right to recover compensation benefits upon the premise that he was not performing services in the course of his employer’s trade, business or occupation, and generally putting at issue all the material allegations of plaintiff’s petition. In the alternative, it was alleged that, ’if any liability existed on its part, such liability would extend to its insurer; Maryland Casualty Company of Baltimore, Maryland, on account of the issuance of a workmen’s compensation insurance policy by said Casualty Company. The Louisiana State'Board of Education contended that, although the policy listed certain institutions under its administration and control as covered by the policy and omitted therefrom, among others, the Louisiana State School for Spastic Children, nevertheless, under LSA-R.S. 23:1162, the liability to plaintiff, if any, would be covered by said insurance policy. Accordingly, the Maryland Casualty Company was called in warranty and, again, on an exception of no cause or right of action filed by it, the call in warranty was dismissed.
On trial of the merits, there was judgment in favor of plaintiff against the Louisiana State Board of Education for compensation at the rate of $30 per week for the period of plaintiff’s disability, not, however, exceeding 400 weeks, beginning July 8, 1953, less a credit of compensation for three weeks, during which time plaintiff was employed by defendant since said accident, and for medical expenses in the sum of $1,000, less $66.50 paid thereon, and rejecting plaintiff’s demands as against the Louisiana State School for Spastic Children for the reason that said school is non sui juris. From the judgment thus rendered in plaintiff’s favor, the Louisiana State Board of Education appealed sus-pensively, and from the judgment sustaining the exception of no cause or right of action filed by the Maryland Casualty Company and from the judgment dismissing its call in warranty, a devolutive appeal was perfected.
Plaintiff likewise appealed devolutively from that portion of the judgment sustaining the exception of no cause or right of action filed by the Maryland Casualty Company and from that portion dismissing its demands as to the Louisiana State School for Spastic Children.
One of the first issues presented for determination concerns the coverage of the insurance policy issued by Maryland Casualty Company, insuring the State of Louisiana and the State Board of Education against liability for workmen’s compensation, particularly as to whether such policy affords partial Or full and entire coverage of the employer’s liability as required by LSA-R.S. -23:1162.'- The position of the insurer is that it issued its policy of work *20 men’s compensation insurance, effective as of March 1, 1953, insuring the State and certain departments of the State, as listed in an index or schedule attached thereto, from which, however, the Louisiana State Board of Education and the Louisiana State School for Spastic Children were omitted; that the policy was specifically limited by its terms to the departments and state agencies enumerated therein; and that, accordingly, employees of the Louisiana State School for Spastic Children were not covered. Both plaintiff and the State Board of Education contend that the Maryland Casualty Company has, by statutory compulsion, insured the employees of the Spastic School.
The Louisiana State Board of Education was, by LSA-R.S. 17:1 et seq., established and created as a body corporate and charged with the general administration and supervision of the public schools of the State of Louisiana. By Section 10 thereof, it is specifically provided that the State Board of Education shall administer the affairs of the 40 different educational institutions of the State. Only one of the eight colleges and ten of the trade schools are listed in the schedules incorporated in the policy of insurance. The Louisiana State School for Spastic Children is not included in these schedules; neither is the Louisiana State University. The one State college listed is Southern University. Certain sections and divisions of the Department of Education, such as Surplus Property and Food Distribution Section, are included. Among other departments scheduled are the Departments of Highways, Health, Labor, Public Works, Public Welfare, Veterans’ Affairs, Revenue, Wild Life and Fisheries, Public Safety, and various and sundry boards and commissions, together with 13 state hospitals, and the Louisiana State Penitentiary.
It is apparent on the face of the policy and the schedules attached that the insurance contract did not purport to cover all of the departments, agencies, institutions and activities of the State Board of Education or of the State of Louisiana.
A determination of the question whether the policy of workmen’s compensation insurance could be issued, as was done in this case, with specific limitation of liability as to certain specific agencies of the State of Louisiana and of the State Board of Education, involves an analysis of LSA-R.S. 23:1162. An examination of this section of the statutes discloses two provisions that are directly related to the problem at issue, viz.:
“No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer; provided, that as to the question of the liability as between the employer and the insurer the terms of the insurance contract shall govern.
“When an employer is engaged in more than one business for the purpose of insurance against his liability under this Chapter, each separate and distinct business may be covered by separate policies.” (Emphasis supplied.)
The provision just quoted authorizes separate policies of insurance on each separate and distinct business of the employer. LSA-R.S. 23:1034 places public employees, except officials, under the Workmen’s Compensation Act, which was amended by Section 23 of Act 85 of 1926 so as to add the above provision authorizing coverage of separate and distinct businesses by separate policies of insurance. By the language of this policy, it covered only the specific departments and agencies which were listed on the schedules attached thereto.
Within the terms of the Workmen’s Compensation Act, the State of Louisiana and the Louisiana State Board of Education are employers. The state of Louisiana is engaged in a great many activities or businesses, which are separate and distinct from each other and which were created and are governed by, separate and distinct constitutional provisions and statutes. Likewise, the State Board of Education is engaged in a great many separate and dis *21 tinct businesses, as heretofore pointed out. However, there is no connection or relationship between many of these institutions -under its administration. Many of these are established by separate statutes just as many of the other agencies of the State are established. If a private employer •can have separate businesses and if an insurer can issue a policy covering only one ■or a limited number of those businesses, a construction of this section of the statute should not be made to deny the same privileges to the State of Louisiana or to the Louisiana State Board of Education, whose various businesses and activities are, or may be, equally as distinct and separate and widespread in their scope of operation, administration and management as the separate businesses of any private employer.
The statute, as amended, authorizes the limited character of contract and insurance coverage as entered into by the Maryland Casualty Company and the State of Louisiana. This policy covers the specific activities or businesses mentioned in the policy schedules. No coverage was afforded as to the Louisiana State School for Spastic Children or generally as to the State Board of Education. Other than as to those specifically enumerated, insurance coverage was not afforded to any other institutions under the administration of the Louisiana State Board of Education. No premium was charged as to the agencies, activities, schools, colleges, universities or departments not listed in the schedules.
Numerous authorities have been cited to the effect that the contract of insurance may not limit its coverage to less than the full liability of the employer. With the holdings in those cases we are in full accord and recognize that a workman’s compensation insurance policy is a statutory policy and with the terms of the statute it must comply. This is particularly applicable to all phases of any particular business. A policy purporting to cover only .a limited number of activities of a particular business would be construed as cov-ering all activities of that business under the statute. However, the provision authorizing separate coverages for separate businesses is a part of the statute and must be given effect. The statute contains no compulsory insurance provision. Inasmuch as separate policies may be issued covering separate and distinct businesses of the employer and as an employer may carry his own insurance towards his employees, the logical conclusion necessarily follows that an employer may carry insurance as to certain of his businesses and not carry insurance as to certain others.
Whether there are other insurance policies specifically covering the business and activities of the school involved herein is not disclosed by the record; the existence or nonexistence of which, however, is immaterial to the liability of the Maryland Casualty Company. The insurance contract, by omitting from its coverage the Louisiana State School for Spastic Children, a separate and distinct school and activity from other institutions administered by the Louisiana State Board of Education, does not cover the employees of such institution. Therefore, the judgment' of the lower court, in sustaining the insurer’s exception of no right of action and its exception to the call in warranty, is correct.
The next question presented is whether or not a suit for workmen’s compensation benefits can be maintained against the Louisiana State Board of Education without having been first authorized by a special act of the Legislature. As a general proposition, neither the State nor any of its boards, agencies or subdivisions may be sued without authority granted by special act of the Legislature. In Martin v. State, 1944, 205 La. 1052, 18 So.2d 613, the Supreme Court held the Workmen’s Compensation Act, Act 20 of 1914, as amended by Act 85 of 1926, unconstitutional so far as its provisions purported to authorize the institution of suits against the State. In the decision, the case of Lewis v. State of Louisiana, 196 La. 814, 200 So. 265, was cited, and the Court concluded [205 La. 1052, 18 So.2d 616]:
*22 “The purport of the decision in the Lewis case- is that when the Legislature undertakes to authorize a suit against the State, it is its mandatory duty to provide the method of procedure and the effect to be given to the judgment which may he rendered in such a suit. As no such provision is contained in Act No. 20 of 1914, or in any of its amendments, relating to recovery against the State in suits - for workmen’s compensation, the provision contained in Act No. 20 of 1914 authorizing the bringing of a suit for compensation against the State is vio-lative of Article 192 of the Constitution of 1913, as well as Article 3, Section 35 of the Constitution of 1921 [LSA].”
Following this decision, the Legislature in 1946 passed Act 371 of that year evidently to remedy the defects as pointed out by the Supreme Court in the previous Act. This Act was incorporated into the Revised Statutes of 1950 and appears as LSA-R.S. 23:1312, which reads as follows:
“Suits against the State shall be instituted in the District Court for t'he Parish of East Baton Rouge, and any suit against a public board, commission, or agency of the State by an employee entitled to bring suit under the provisions of this Chapter may be instituted in the district court either of the domicile of such public board, commission, or agency, or of the domicile of the employee as it existed at the time of the accident or injury on which the suit is based.
“In the case of suits against the State, service of the petition and of the citation shall be made both on the Governor and on the Attorney General. Payment of any judgment rendered against the State shall be submitted in due course for consideration of the Legislature in making appropriations.
“In the case of suits against any public board, commission, or agency, service of the petition and of the citation shall be made on the president or chairman thereof, or upon any other officer thereof as authorized by law, and payment of any judgment, rendered against such public board, commission, or agency shall be made in due course by such public board, commission, or agency, if duly authorized by law, or in the absence of such authorization, such judgment shall be submitted in due course for consideration of the Legislature in making appropriations. In any and all such suits the defenses thereto, and the procedure otherwise, shall be the same as those provided in this Chapter.”
That this act fully complies with the mandatory provisions of Article 3, Section 35 of the Constitution of 1921, as amended, is evident by comparison. This section of the Constitution reads as follows:
“Whenever the Legislature shall authorize suit to be filed against the State it shall provide the method for citing the State therein and shall designate the court or courts in which the suit or suits authorized may be instituted and may waive any prescription which may have accrued in favor of the State against the claim or claims on which suit is so authorized. The procedure in such suits, except as regards, citation and original jurisdiction, shall be the same as in suits between private litigants, but no judgment for money rendered against the State shall be satisfied except out of monies appropriated by the Legislature for the purpose. For the purpose of such suits the State shall be considered as being domiciled in the Capitol. No such suit shall be instituted in any court other than a Court of Louisiana. Except as otherwise specially provided in this section, the effect of any authorization by the Legislature for a suit against the State shall be nothing more than a: waiver of the State’s immunity from suit insofar as the suit so authorized is concerned. (As amended Acts 1946,. No. 385 [§ 1], adopted Nov. 5, 1946.)’”
*23 Briefly, the Constitution requires that the act authorizing the institution of the suit provide the methods of citation and service and the jurisdiction of the suit; that the procedure shall be the same as in suits between private litigants; and that any money judgment is to be satisfied out of a specific appropriation. LSA-R.S. 23 :- 1312 complies with'these provisions. This section provides that in suits against a State board, the president or chairman shall be cited and served and that the suits shall he brought at the domicile of the board or at the domicile of the injured workman. A further provision is that any judgment rendered shall be satisfied by subsequent appropriation made by the Legislature in the absence of payment in due course duly authorized by law. It is not a requirement of the aforesaid constitutional provision that a separate and distinct act of the Legislature be passed for each employee, who is injured and who may claim the benefits of the Workmen's Compensation Act. It is sufficient compliance with the constitutional requirements that the Legislature has enacted a general law, such as LSA-R.S. 23:1312, authorizing employees of the State and of its boards and agencies generally to bring suits for such benefits as may be due them under the Workmen’s Compensation Law, wherein a method of procedure and the effect of a judgment áre provided.
This action was brought in a jurisdiction prescribed by statute. The pleas to the jurisdiction are without merit. The Board of Education also contends that plaintiff is without authority in law to institute this suit and that plaintiff has no cause or right of action' because he was not injured in the course of his employer’s trade, business or occupation of promoting public education. That the Louisiana State Board of Education and the Louisiana State School for Spastic Children were established in the interest and for the promotion of public education and the Spastic School particularly in the interest and for the promotion of the education of spastic children is not questioned.
Plaintiff was injured while employed as a painter, painting the superintendent’s residence on the grounds of the Louisiana State School for Spastic Children. It was contended by the Board that this work was done in the furtherance of that purpose, that is, the painting, repairing and maintaining of property of the School for Spastic Children, which was not carried on by the State Board of Education as a trade, business or occupation so as to bring plaintiff, who was employed as an outside workman to do this special job, within the protection of the Workmen’s Compensation Act. Pointing out the prerequisite to recovery that plaintiff's injuries must have arisen out of and in the scope of his employment and- in the course of his employer’s trade, business or occupation, the Board contended it was not engaged in the business of painting or contracting for the painting of houses. Unlike the provisions of the Workmen’s Compensation Act pertaining to private employment, there is no requirement that employees of the State or of its subdivisions be engaged in their employer’s trade, business or occupation. LSA-R.S. 23:1034 relative to public employees provides:
“The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof,- ’or of any incorporated public ■board- or commissioner authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or other political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; * *
As to other employees in specified hazardous occupations, LSA-R.S. 23:1035 provides : ■
“The provisions of this Chapter shall also apply to every person performing *24 services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation in the following hazardous trades, businesses and occupations: * *
If it could be said plaintiff was injured while performing work not in the course of the Board’s business of promoting education, such would be of no material importance. In Kroncke v. Caddo Parish School Board, La.App., 183 So. 86, 88, plaintiff brought suit under the provisions of the Workmen’s Compensation Act. He was employed as a painter by the defendant to paint certain school buildings in Caddo Parish, and, while performing the services for which he was employed, a scaffold broke, causing him to fall to the ground a distance of some 12 to IS feet, inflicting the injuries alleged to incapacitate him for life for doing manual labor of a reasonable character. In the course of the opinion of this court in that case, it was stated:
“The exception of no cause or right of action was correctly overruled by the lower court. Sub-section 1 of Section 1 of Act 20 of 1914, definitely provides that any person in the employ of the State or any incorporated public board, etc., has a right to sue such board for compensation. In the case of Charity Hospital of Louisiana v. Board of School Directors of St. Martin Parish, 146 So. 487, the First Circuit Court of Appeal, in interpreting said Sub-section, held as follows (page 488):
“ ‘Further consideration of the provisions of the act convinces us that we were wrong and that under paragraph 1 of section 1, persons in the service of the state or parish or other political subdivision or incorporated public board are entitled to recover compensation regardless of the nature or character of the business, trade, or occupation of the particular board or body for which they are performing service. Moreover, it is provided in the same paragraph that for such employee and employer, the payment of compensation shall be “exclusive, compulsory, and obligatory” according to the terms, conditions, and provisions of the act thereinafter set out. It seems clear that this last phrase relates to the basis on which the amount of compensation will be computed, the manner in which it shall be paid, etc., and not to the nature of the employer’s business.
“ ‘It is only that class of persons who perform services for private individuals or corporations, as distinguished from those who work for the state or any of its agencies, whose rights depend on the nature or character of their employer’s business, trade, or occupation which must be hazardous. This class comes under paragraph 2 of section 1 of the act under which such various trades and businesses are enumerated.' ”
As an employee in the service of defendant board, plaintiff had a right to institute this action for compensation for accidental injuries arising out of and in the scope of his employment.
In support of the Board’s position, the cases of Shipp v. Bordelon, 152 La. 795, 94 So. 399; Caldwell v. George Sproull Co., Inc., 184 La. 951, 168 So. 112, and Story v. Globe Indemnity Co., La.App., 61 So.2d 582, are cited. These cases are inapposite. They do not involve public employees. In the Shipp v. Bordelon case, Bordelon, a physician by profession, employed one Caricut to do some repair work upon a house on defendant’s plantation and, in order to expedite the work, Caricut was authorized to employ Shipp to assist him. In the Caldwell case, the defendant was engaged in the manufacture and sale, both wholesale and retail, of paints, varnishes and wallpaper. Plaintiff was employed to do a special job of papering at its wholesale and retail store, and, after working two days, fell from a scaffold and injured his ankle. Defendant was not engaged in paperhanging or painting houses as a busi *25 ness. In the Story case, compensation of the employer’s insurer was sought by the widow for the death of her husband. The employer was engaged in the plumbing and hardware business and decedent was employed by him as a plumber, painter, carpenter and general handyman. Decedent was fatally injured at the employer’s private camp while on a mission to paint some of the structures there. This was separate and distinct from the employer’s trade or business of plumbing, house construction or as a retail dealer in hardware. In none of these cases did the accidents occur in the course of the employer’s trade, business or occupation. This, as pointed out heretofore, is not one of the requirements of the Act where injuries are accidentally sustained by public employees, and the cases cited are, therefore, distinguishable from the present case.
The trial court was convinced from the evidence that plaintiff was totally and permanently disabled from pursuing his occupation or the performance of work of a similar kind or nature and awarded judgment accordingly. The defendant contends that the award is excessive and should be reduced.
Plaintiff is a painter by trade, which occupation he has followed for more than 30 years. As a painter he was required to climb ladders, stand on ladders, and work while standing on ladders and scaffolds. In falling off a scaffold, plaintiff injured his right foot. He sustained fractures of the second and third metatarsal bones. X-rays showed that he also sustained a fracture of the os calcis and a jamming of the astragalus down into the os calcis. The examining physicians found some circulatory changes present in his foot. Because of the pain in the fore part of his foot, weight was shifted to his heel. The pain and arthritis produced ankylosis or stiffness and immobility of the ankle joint. Since his injury plaintiff has not been able to stand on his right foot for any appreciable length of time, climb ladders, balance himself on a scaffold or walk on rough ground or uneven surfaces. He is unable to carry on the duties of his trade, such as climbing ladders or walking thereon or on scaffolds. We find no manifest error in the conclusions reached by the trial judge as to plaintiff’s permanent and total disability from injuries sustained in the scope of his employment while performing duties of his employment in the service of the Louisiana State Board of Education.
Defendant complains of the award for medical and hospital expenses. This complaint, from the record, appears justifiable. The only expense incurred was an item of $66.50 which was paid by the defendant and another of $67.50 paid by plaintiff to Drs. Salmon, Davis and Kings-ley. The record does establish, however, that a corrective operation on the plaintiff’s foot will entail an estimated expenditure for surgeons’, hospital and medical bills of $650. This operation has not been performed and the expense thereof has not been incurred, and whether or not the operation will be performed in the future and the additional medical expenses incurred would be a matter of conjecture on our part, and is insufficient upon which to base a judgment. A non-suit of plaintiff’s demands for the remainder of the statutory maximum medical expenses affords adequate protection to plaintiff for possible medical expenses which may yet be incurred.
No showing has been made of error in the trial court’s conclusion that the Louisiana State School for Spastic Children is non sui juris. Although the point was neither argued orally nor in brief before this court and may properly, therefore, be considered as abandoned, nevertheless, we find no merit in defendant’s claim to the contrary.
For the reasons herein assigned, the judgment sustaining an exception of no cause or right of action on behalf of Maryland Casualty Company and its exception to the call in warranty by the Louisiana State Board of Education is affirmed; the judgment in plaintiff’s favor against the Louisiana State Board of Education is *26 amended by reducing the award for medical expenses to the sum of $67.50 and dismissing his demands for medical expenses in excess of said item plus an additional item of $66.50 previously paid by the defendant as of non-suit, and, as thus, amended, the judgment appealed is affirmed at the cost of the Louisiana State Board of Education for the stenographer’s fees only.
Amended and affirmed.