HARDY, Judge.
This claim for compensation was asserted by plaintiff against his alleged employer, Delbert C. Speights, d/b/a Caddo Auto Sales, and his workmen’s compensation insurer, Zurich Insurance Company. The named defendants, assuming the position of third party plaintiffs, impleaded Walter S. Cole, d/b/a Cole Machine Works, as third party defendant. From judgment rejecting plaintiff’s demands he has appealed, and, as a protective measure, the defendants, Speights and Zurich Insurance Company, have also appealed in order to preserve their rights against the third party defendant.
The basis of plaintiff’s action is that while employed by defendant, Speights, as a used car salesman, he sustained an accidental injury early in the morning of May 26, 1960, while walking across his employer’s car lot, at which time a corrugated sheet iron fence fell upon him.
Defendant, Speights, contends that plaintiff was not an employee but an independent contractor. Defendant, Zurich Insurance Company, interposed an exception of no cause nor right of action based upon the exclusion of automobile salesmen from coverage under the policy issued to Speights, its insured. As third party plaintiff both Speights and Zurich contend that the fall of the fence was due to the negligence of the third party defendant, Cole. The principal defendants further deny plaintiff’s injury and disability.
As asserted by counsel for defendants in brief before this court, the issues presented involve both questions of fact and law. The issue of fact as between claimant and his alleged employer requires a finding as to the injury and disability of plaintiff, if any; the factual question of negligence in connection with the fall of the fence must be determined as between third party plaintiffs and defendant. The issues of law relate to the status of plaintiff as an employee, vel non, and the defense of lack of coverage under the policy of insurance.
*848 We think it of first importance to decide the relationship between plaintiff, Gresham, and defendant, Speights. Reference to the opinion of the district judge discloses that his conclusion was predicated upon the following finding:
“The evidence shows that plaintiff worked at will and was under no direction of the defendant. Consequently, we fail to find from the evidence that the relationship between plaintiff and defendant was that of employer-employee; but, on the contrary, the evidence convinces us that plaintiff was an independent contractor, and hardly that. He was a commission salesman, worked if he wished, and paid only for the cars that he sold. Hence, for the reasons assigned, plaintiff is not entitled to compensation under the Workmen’s Compensation Law.” (Emphasis supplied.)
Our study of the record finds .us in agreement with some of the above statements, namely, that plaintiff was a commission salesman; that he had no fixed hours of employment, and that his pay was dependent upon the sale of used cars. We cannot agree with the conclusion of our learned brother of the district court that these facts remove plaintiff from the protection and benefits afforded by the Workmen’s Compensation Statute and our jurisprudence with respect thereto. The employer-employee relationship does not depend upon the niceties of a formal contract of employment, nor upon agreement between the parties as to hours, duration of the employment, amount and terms of payment. This construction is noted by Professor Malone in his highly regarded treatise upon Louisiana Workmen’s Compensation (Section 52). The distinction between an employee and an independent contractor is discussed in some detail by the same author in Section 75 of his work. Additionally, the jurisprudence of our State abundantly establishes the proposition that commission salesmen are regarded as employees and not independent contractors or enterprisers. Somewhat recent pronouncements on this point are found in O’Connor v. American Mutual Liability Ins. Co., La.App. Orleans, 1956, 87 So.2d 16, and Samson v. Borden Company, La.App. First Circuit, 1957, 92 So.2d 152.
Counsel for defendants strenuously urge that there are certain tests or requirements which must be met in order to fix the status of an individual as employee or independent contractor, citing O’Connor v. American Mutual Liability Insurance Co., supra, and Durant v. Industrial Lumber Company, La.App., 6 So.2d 164. We point out that in the O’Connor case [87 So.2d 20] the opinion of the court expressly stated that — “no one of these factors [or requirements] is conclusive,” and “scarcely any general test can be applied * *
Evidence in the instant case clearly establishes the fact that plaintiff, Gresham, was employed as a used car salesman by the defendant, Speights. True, the latter contends that he did not “employ” plaintiff but rather “permitted” him to sell used cars. We regard this exercise in semantics as comprehending a distinction without a difference. Plaintiff had suffered a heart attack which limited both the nature of his activities and his hours of work, but during the period of some two and one-half months of his employment preceding the occurrence of the accident he had sold eight used cars from the defendant’s lot, receiving a commission of $25 on each sale.
We approve the pronouncement in Shelton v. Barber Brothers Company, La. App., First Circuit, 1957, 94 So.2d 489, 490, anent the distinction between an employee and an independent contractor which we deem particularly appropriate to the instant case:
“As contrasted to an employee, an independent contractor is one independent in business who contracts to perform a specified piece of work for another for a specified price, without *849 being subject in the performance of the contract to the control and direction of his employer except as to the result contracted for; which contract is not subject to termination or discontinuance at the will of either party without a corresponding liability for its breach.”
The facts are clear that Gresham sold cars for Speights on a commission basis; that in connection with this purpose he performed other duties on the premises of Speights; that his remuneration was based upon a commission and not a salary. The facts that plaintiff had no fixed hours of employment; that he was not specifically directed by Speights in every detail, in his efforts to sell used cars; that he could come and go as he pleased in connection with his work, and that he was not paid a regular salary, are all immaterial and irrelevant factors in the determination of the issue presented. Plaintiff was subject to such control as Speights might wish to exercise; his employment could be terminated at will either by himself or Speights, and, unquestionably, he was not required to perform any specified work at a specified price with exclusive respect as to the result thereof.
As to the question of injury and disability, we think the evidence clearly preponderates in favor of plaintiff as to the occurrence of the injury, which was substantiated not only by his own testimony but by that of his attending physician, Dr. Overdyke, an orthopedic specialist. This doctor’s reports of June 6th, June 30th, August 11th and September 22, 1960, are consistent with plaintiff’s contentions of a back injury and resulting pain and disability. The report of defendant’s medical expert, Dr. Young, following an examination of plaintiff made on October 11, 1960, does not serve to contradict the findings of the attending physician, and. Dr. Young’s conclusion, that he could not demonstrate pathological findings by x-ray or clinical examinations which would significantly incapacitate plaintiff from employment as a salesman, is, at most, a negative opinion which is insufficient to overcome the positive evidence disclosed by the record. As to duration of plaintiff’s disability, we are in accord with the finding of the district judge that the plaintiff had practically recovered from any injuries received in the accident as of the date of trial on December 9, 1960. Additionally, we note in Dr. Overdyke’s last written report, dated September 22, 1960, the following observation:
“Present disability, of course, would not exclude him (plaintiff) from doing this type of work (that of a used car salesman) but the amount of walking and standing, according to his statement, required to compete in this business as of this date would be a little tiring on him, at least for several months.”
We think a just and reasonable period of disability should be fixed at six months following the occurrence of the accident.
The basis of compensation is also hotly disputed. It is urged on behalf of plaintiff that the amount of $75 per week should be accepted, while counsel for defendant argues that if plaintiff is entitled to any recovery it cannot be based upon an amount in excess of $25 per week. Our finding must be based upon an amount squarely between the high-low figures respectively urged on behalf of the parties. In answer to interrogatories directed to defendant, Speights, with reference to commission earnings by plaintiff, the following statement was made:
“He began selling on March 10, 1960; on March 12, 1960, he received $25.00 commission; on March 19, 1960, he received $50.00 commission; on March 26, 1960, he received $50.00 commission; on April 23, 1960, he received $25.00 commission; on May 7, 1960, he received $25.00 commission; on May 14, 1960, he received $25.00 commission.”
*850 On the basis of the above computation, which defendant testified was taken from his books, it follows that plaintiff is entitled to recovery of 65% of $50 per week for a period of twenty-six weeks.
Hospital and medical expenses incurred by plaintiff, which were established by uncontroverted statements of account, amount to the sum of $318.90.
We next proceed to a consideration of the exception interposed by defendant, Zurich. Reference to the policy in question discloses that coverage thereunder was specifically limited to
“all employees other than automobile salesmen * *
It is urged that the above exclusion contravenes the provisions of LSA-R.S. 23:1162, prohibiting the limitation of the insurer’s liability to less than the employer’s entire liability to the employee. Unquestionably, this contention would be applicable with respect to liability of the insured, which was clearly recognized by this court in Shows v. Employers Lumber Company et al., La.App., 77 So.2d 72, 74, in the following enunciation:
“The liability of the insurer is coequal with that of the insured, neither greater nor lesser.”
However, we find nothing in the provisions of the statute cited which prohibits or restricts the right of contract with respect to a policy of insurance. There is a vast difference between the enforcement of full liability against an insurer under a policy protecting an employer and the provisions of the policy agreement between insurer and insured which excepts a specific class of employees from protection thereunder. Under this circumstance we cannot hold that the statute supervenes the contractual agreement in this respect. It follows that the exception on behalf of Zurich should be sustained.
Finally, we must determine the question of negligence and the responsibility therefor as between the defendant, Speights, third party plaintiff, and Cole, the third party defendant, with reference to the falling of the fence which caused plaintiff’s injuries.
The fence itself was erected by Speights on his property and the basis of his claim against Cole rests upon the factual assertions that the fence was weakened by the fall of a pipe from Cole’s premises, to the rear of the fence, and, further, that a deposit of liquid carbide, resulting from Cole’s operations of his machine works, immediately against the fence, exerted the pressure which caused the structure to fall.
We do not think it necessary to deal in any great detail with these factual conditions. It suffices to say that the testimony preponderates in establishing that the damage to the fence, caused by the fall of the pipe, was immediately and effectively repaired prior to the accident, and that the deposit of liquid carbide was not shown to have made contact with the fence structure, and, even if it had, would not have caused such pressure to have toppled the fence. It was further established that the part of the fence which fell upon plaintiff was some ten or twelve feet distant from the area damaged by the falling pipe. Since the effect of these findings is to relieve the third party defendant of any responsibility for negligence, it is not necessary that we determine the cause of the collapse of the fence, inasmuch as there is no burden on the part of plaintiff to show negligence on the part of his employer.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of plaintiff, Fern Ellis Gresham, and against Delbert C. Speights, for 65% of $50 per week for a period of twenty-six weeks, amounting to the principal sum of $845, with interest at the legal rate from due date of each weekly installment, together with the amount of $318.90 repre *851 senting hospital and medical expenses, with interest thereon at the legal rate from date of judicial demand until paid.
It Is Further Ordered, Adjudged and Decreed that the exception of no right of action on behalf of Zurich Insurance Company be and it is hereby maintained and plaintiff’s demands as against said defendant are dismissed.
It Is Further Ordered that the demands of Delbert C. Speights, as third party plaintiff, against Walter S. Cole, third party defendant, be and they are hereby rejected.
All costs of both courts are taxed against Delbert C. Speights and Zurich Insurance Company, in solido.