ELLIS, Judge.
Max Pierson is a partner in the partnership known as Pierson Brothers Contracting. He was injured on June 15, 1962 while performing work in Livingston Parish for Jim Walter Corporation, hereinafter designated as Jim Walter, and this suit for workmen’s compensation benefits followed on May 31, 1963. Made defendants in plaintiff’s original petition were The Aetna Casualty and Surety Company, hereinafter designated as Aetna, as the workmen’s compensation insurer of Max Pierson and Luden V. Pierson d/b/a Pierson Brothers Contracting, his employer; Jim Walter, also as his employer; and Liberty Mutual Insurance Company, hereinafter designated as Liberty Mutual, as the workmen’s compensation insurer of Jim Walter. Jim Walter and Liberty Mutual filed a joint answer amounting to a general denial and also joined in a third party demand against Aetna. The third party demand prayed for judgment in favor of Jim Walter and Liberty Mutual against Aetna in an amount equal to any amount which third party plaintiffs might ultimately be required to pay Max Pierson. The theory of the third party demand is evidently grounded in R.S. 23:1061 and based on the allegation that Max Pierson was an employee of Pierson Brothers Contracting on the date of the accident and that Aetna furnished third party plaintiffs with a certificate of insurance acknowledging its role as the workmen’s compensation insurer for Pierson Brothers Contracting. Therefore, third party plaintiffs contend, Aetna is precluded from relying on the “exclusion of partners endorsement” to its policy insuring Pierson Brothers Contracting.
The exclusion of partners endorsement withholds coverage under the policy from the two partners, both of whom signed the *575 endorsement. It also requires that the insured partners reimburse Aetna for all workmen’s compensation benefits which it must pay to either of the partners.
Aetna filed a motion for summary judgment of dismissal as to itself as to the demands of both Max Pierson and the third party plaintiffs. The only evidence submitted in support thereof was the policy itself, and specifically the exclusion of partners endorsement which forms a part of the policy. Max Pierson did not resist the motion for summary judgment but Jim Walter and Liberty Mutual did, relying on the certificate of insurance furnished by Aetna and on R.S. 23:1162. The trial judge granted the motion for summary judgment and from that decision third party plaintiffs have appealed. Max Pierson did not appeal and, therefore, the decision is final as to him.
This court is not called upon nor are we in a position to determine whether Max Pierson was an employee of Jim Walter or Pierson Brothers Contracting at the time of the injury. Plaintiff alleges in his original petition that he was the employee of both. No evidence is before us on that point. We are called upon to approve or disapprove the action of the lower court in granting Aetna’s motion for summary judgment.
The motion for summary judgment may be granted in a proper case only when there is no genuine issue of any material fact. Walmsley v. Gilmore, La.App., 144 So.2d 625. In the instant case appellants complain that there was a disputed factual issue, namely, quoting from appellants’ brief:
“ * * * whether or not Aetna misled Jim Walter Corporation and Liberty Mutual as to the contents and coverages of its policy by issuing the certificate of insurance which resulted in an estoppel of Aetna as to the third party plaintiffs to deny that the Aetna policy covered the plaintiff’s alleged accident. Indeed, Aetna’s motion and its evidence is not even directed to the issue raised in the third party petition.” (Emphasis that of counsel.)
It is readily apparent that the "factual issue” which appellants claim to be disputed is really a question of law. No party denies that the exclusion of partners endorsement or the certificate of insurance were actually issued. Both are in the record as a part of the policy introduced by Aetna in support of its motion for summary judgment. Nor can it be denied by Aetna that the certificate of insurance which it issued to third party plaintiffs is silent as to the exclusion of partners endorsement. Whether these undisputed and simple facts amount in law to an estoppel or otherwise give rise to a third party demand is a question which can properly be disposed of by a trial court on a motion for summary judgment.
A proper disposition of the case logically requires a determination of the general effect of the exclusion of partners endorsement in view of R.S. 23:1162 and particularly its effect as to third party plaintiffs in view of the certificate of insurance furnished by Aetna to Jim Walter and Liberty Mutual. The trial court, which did not give written reasons for judgment, evidently . followed the case of Gresham v. Speights, La.App., 133 So.2d 846 (2nd Cir. 1961), as to the meaning of R.S. 23:1162.
That statute provides in part:
“No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer; * *
In the Gresham case the workmen’s compensation policy sued on was limited to “all employees other than automobile salesmen. * * Plaintiff was an automobile salesman. Coverage under the policy was denied him by the court on the ground that no coverage was available to that class of employees. The Second Circuit dismissed the argument that such a clause violated *576 R.S. 23:1162 with the following language found at page 850:
“However, we find nothing in the provisions of the statute cited which prohibits or restricts the right of contract with respect to a policy of insurance. There is a vast difference between the enforcement of full liability against an insurer under a policy protecting an employer and the provisions of the policy agreement between insurer and insured which excepts a specific class of employees from protection thereunder. Under this circumstance we cannot hold that the statute supervenes the contractual agreement in this respect.”
The above quoted language is clearly in conflict with the following language found in Stepan v. Louisiana State Board of Education, La.App., 78 So.2d 18, 21 (2nd Cir. 1955) :
“A policy purporting to cover only a limited number of activities of a particular business would be construed as covering all activities of that business under the statute.”
A careful reading of the statute convinces us that the proper rule of interpretation of R.S. 23:1162 is that rule followed in the Stepan case rather than in the Gresham case. Consequently we find that as between Aetna and third party plaintiffs in the instant case, the exclusion of partners endorsement was of no force or effect. However, as between Aetna and Max Pier-son the exclusion of partners endorsement must be accorded the full effect intended. This result is dictated by the following language from R.S. 23:1162:
“ * * * provided, that as to the question of the liability as between the employer and the insurer the terms of the insurance contract shall govern *
There is no statutory obstacle to an agreement as between the insured and the insurer, that a particular class of employees may be excluded from coverage, or, more properly, that the insured employer will reimburse the insurer for whatever amounts the latter may be legally obligated to pay to members of that class of employees.
In the instant case the insured partners agreed that they would constitute a special class of exempt employees and that they would reimburse Aetna for all amounts which Aetna might have to pay to the excluded partners on account of workmen’s compensation benefits. This is a valid and binding agreement, not because the insurer may be insulated from liability to a special group of employees, but because, as between insured and insurer, it is an ágreement permitted by the language of R.S. 23:1162. Occupying the position of employee, Max Pierson could recover against Aetna, but his dual position as partner precludes such recovery. The judgment of the lower court dismissing his suit as to Aetna is correct.
Aetna, being unable to plead the exclusion of partners endorsement as a defense as against anyone but a named insured cannot plead it against the third party plaintiffs.
In the event that Max Pierson is found to be an employee of Jim Walter and not of Pierson Brothers Contracting, there would be judgment against third party plaintiffs with no right of action against Aetna. However, in the event that Max Pierson is found to be an employee of Pierson Brothers Contracting and the latter is in turn found to be a sub-contractor of Jim Walter, Max Pierson will be entitled to judgment against the third party plaintiffs, third party plaintiffs would be entitled to judgment against Aetna under R.S. 23 :1061 and Aetna would have a cause of action back against Max and Lucien Pierson under the hold harmless clause of the Aetna policy. In this event plaintiff will in effect be paying benefits to himself. Nevertheless, we are convinced that this result is correct under the law and the agreements of the parties. Consequently, since there does as a matter of law exist a possible situation where the third party *577 demand would be proper against Aetna, the judgment of the lower court dismissing it is annulled and reversed and the case remanded to the lower court for further proceedings in accordance with law.
Reversed and remanded.