BOLIN, Judge.
Margie Gibson Ives instituted this suit individually and on behalf of the minor, Charise Jarnelle Ives, under a workmen’s compensation policy issued by defendant to Texas Enterprises, Inc. She seeks benefits allegedly due for the death of her husband, Billy B. Ives, while piloting an airplane in the course and scope of his employment with Texas Enterprises, of which deceased was president. Motion for summary judgment was filed by defendant and sustained by the lower court from which judgment plaintiff appeals.
Defendant’s refusal, after demand, to pay workmen’s compensation benefits precipitated this suit. Defendant filed an answer, attaching thereto the policy, which provides for workmen’s compensation coverage to Texas Enterprises, operating in Louisiana. However, in its motion for summary judgment defendant relies on the following exclusionary endorsement attached to the policy which it contends excludes Ives from coverage:
“It is agreed that such insurance as is afforded by the policy by reason of the designation of Louisiana in Item 3 of the declarations does not apply to injury, including death resulting therefrom, sustained by the president, vice-president, secretary or other officer provided in the charter or by-laws of the insured, or any director of the insured, as are named below; and “remuneration” when used as a premium basis for such insurance shall not include the remuneration of any such executive officer or director not so named.”
This appeal is concerned with the narrow question of whether, in a policy of workmen’s compensation insurance written in Louisiana, the insurer and the insured corporation may contract to exclude from coverage the executives of the insured. It may be conceded that unless the Louisiana Statute prohibits such exclusion it would be a valid part of the contract of insurance.
Involved is the interpretation of the section of the Louisiana Workmen’s Compensation Act dealing with the specific requirements of the contents of such policies in this state:
R.S. 23:1162:
“A. No policy of insurance against liability arising under this Chapter shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that *571 may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. This agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name. No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer; provided, that as to the question of the liability as between the employer and the insurer the terms of the insurance contract shall govern, * * * (Emphasis added)
“B. When an employer is engaged in more than one business for the purpose of insurance against his liability under this Chapter, each separate and distinct business may be covered by separate policies.”
í¡< ‡ ‡ ^ ^
Confusion has arisen due to two apparently different interpretations of the quoted act emanating from this court. In the case of Stepan v. Louisiana State Board of Education, 78 So.2d 18, La.App. 2 Cir. (1955) we held that where an employer was engaged in more than one business, each separate and distinct from the other, the contract of insurance applying to one business could specifically exclude other businesses under the language of Section B of La.R.S. 1162. This decision, based on the provisions of Section B of the quoted act, held the workmen’s compensation insurance covered only the enumerated businesses of the State Board of Education. The following language, though not necessary to the decision of the case, has found support in subsequent cases in other Louisiana Courts of Appeal:
“Numerous authorities have been cited to the effect that the contract of insurance may not limit its coverage to less than the full liability of the employer. With the holdings in those cases we are in full accord and recognize that a workman’s compensation insurance policy is a statutory policy and with the terms of the statute it must comply. This is particularly applicable to all phases of any particular business. A policy purporting to cover only a limited number of activities of a particular business would be construed as covering all activities of that business under the statute. * * *”
In 1961 this court decided Gresham v. Speights, 133 So.2d 846, La.App. 2 Cir.1961, and without alluding to the language in Stepan held that a policy limiting coverage to “all employees other than automobile salesmen * * *” did not contravene the provisions of La.R.S. 1162 and was a valid exclusion effective against the plaintiff, an injured automobile salesman.
The correctness of the decision in Gresham has been questioned by Professor Wex Malone in 23 Louisiana Law Review, 358 (1963), the author apparently approving the previously quoted excerpt from the Stepan case “in view of the express language of the statute and in light of the obvious desirability of insisting upon complete insurance protection wherever possible”.
The rationale of Stepan was followed in Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (La.App. 3 Cir.1965) cert, den., the court holding that an insuring agreement, which provided in essence that its liability under the policy applied “only to accidents * * * within the United States”, nevertheless provided coverage for a workman injured in offshore drilling operations in the Persian Gulf: The court had this to say about Article 23:1162 of the Louisiana Revised Statutes:
“The Louisiana compensation act provides: ‘No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer.’ * * * This is a ‘full coverage’ statute by reason of which the liability of the insurer is coextensive with that of the employer under the compensation act in question. Larson, Workmen’s Compensation Law *572 (1961), Section 93.20. While in Louisiana an employer engaged in more than one business may cover by separate policies each separate and distinct business, LSA-R.S. 23:1162 subd. B., a policy issued to cover the Louisiana compensation liability of a particular business must comply with the statute and will be construed as covering all compensation liability under the Louisiana statute of that business. Stepan v. Louisiana State Board of Education, La.App. 2 Cir. 78 So.2d 18.”
The Gresham case again came under attack in Pierson v. Aetna Casualty & Surety Company, 184 So.2d 572 (La.App. 1 Cir.1966), the court concluding:
“A careful reading of the statute convinces us that the proper rule of interpretation of R.S. 23:1162 is that rule followed in the Stepan case rather than in the Gresham case. * * *”
The court held, however, the injured person, who was found to be a partner, was bound by the exclusion of partners endorsement insofar as his claim against the workmen's compensation insurer of the partnership was concerned. The court explained its decision as follows :
“In the instant case the insured partners agreed that they would constitute a special class of exempt employees and that they would reimburse Aetna for all amounts which Aetna might have to pay to the excluded partners on account of workmen’s compensation benefits. This is a valid and binding agreement, not because the insurer may be insulated from liability to a special group of employees, but because, as between insured and insurer, it is an agreement permitted by the language of R.S. 23:1162. Occupying the position of employee, Max Pier-son could recover against Aetna, but his dual position as partner precludes such recovery. * * * (Emphasis added)
“Aetna, being unable to plead the exclusion of partners endorsement as a defense as against anyone but a named insured cannot plead it against the third party plaintiffs.
“In the event that Max Pierson is found to be an employee of Jim Walter and not of Pierson Brothers Contracting, there would be judgment against third party plaintiffs with no right of action against Aetna. * * *”
Consideration of the statute and the authorities reviewed herein compels us to conclude our judgment in the Gresham case, insofar as it held that a specific class of employees might be excepted from coverage under a workmen’s compensation policy issued to an employer, was erroneous.
We likewise consider the cases dealing with lack of liability of the insurer to a partner under a policy containing an exclusion of partners endorsement to be inap-posite to the instant case. Here the employer is a corporate entity; the plaintiff is an employee, albeit and officer of the corporation. As such, in the absence of workmen’s compensation coverage an employee who is also an officer of the corporation could, under certain circumstances, sue his corporate employer for damages for injuries sustained in the course and scope of his employment. We conclude the workmen’s compensation policy issued to Texas Enterprises, Incorporated, by Coal Operators Casualty Company is a “full coverge” statutory policy; that as such it affords workmen’s compensation coverage for all employees of Texas Enterprises; that La.R.S. 23:1162 restricts the right to limit coverage and that the liability of the insurer is primary and coextensive with that of the insured.
For the reasons assigned the judgment of the lower court sustaining the summary judgment is reversed and the case is remanded to the lower court for further proceedings not inconsistent with the pronouncements contained herein. Appellee is assessed with all costs of this appeal, all other costs to await the final disposition of the case.