FORET, Judge.
Tri-Star of Louisiana filed suit against Donald Leonard Touchet in the Alexandria City Court, asking for judgment in the sum of $1100 or, in the alternative, for return of one Tri-Star vacuum cleaner allegedly retained by Touchet. Touchet reconvened for judgment in the sum of $663.30, representing wages allegedly earned while employed by Tri-Star. Trial on the merits was held on September 4, 1986, and judgment was rendered in favor of Touchet, dismissing the main demand filed by Tri-Star and further awarding judgment in favor of Touchet on his reconventional demand in the sum of $663.30. Tri-Star has appealed suspensively.
In response to an ad appearing in the Alexandria Daily Town Talk, Touchet filled out an application for employment with Tri-Star on June 17,1986. Thereafter, on June 19,1986, Touchet and Tri-Star executed an instrument referred to as “Independent Dealer Agreement”, pursuant to which Touchet agreed to sell vacuum cleaners in the Central Louisiana area. Additionally, Touchet took part in the thirty-day bonus program offered by Tri-Star, allowing new salesmen to earn $1200 provided they present a minimum of sixty qualified demonstrations of the product during the thirty-day period covered by the agreement. Immediately after executing these documents, Touchet began attending training seminars from 8:00 A.M. until approximately 5:00 or 5:30 P.M. The training program lasted four days, and at the end of the third day, Touchet began giving demonstrations of the vacuum cleaner, with an eye toward attaining the minimum of sixty qualified demonstrations. The following Monday, Touchet reported for work at 7:00 A.M. and was instructed to hand out flyers on weekdays until around 11:00 A.M. or 12:00 Noon. After doing so, he would spend the afternoon giving demonstrations in the Central Louisiana area and then report back to his employer at 4:00 P.M. for management training. After working with Tri-Star for a period of three weeks and six days, Touchet apparently became discouraged and terminated the relationship. Upon doing so, he returned all but one of the vacuum cleaners retained by him, and . Tri-Star is therefore seeking the return of this unit at this time. During the three-week and six-day period of the relationship, Touchet made three sales, all of which were cancelled and/or not approved according to Tri-Star.
The first and most crucial issue presented on appeal is the question of whether or not Touchet was an employee of Tri-Star. For the reasons hereinafter set forth, we find that Touchet was an employee of Tri-Star at all times pertinent hereto. In determining whether or not an employer-employee relationship exists, the courts should look to the actual relationship which existed between the parties. In Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972), the Louisiana Supreme Court stated that the principal consideration is the degree of control retained by the alleged employer. In considering this, it is not the control actually exercised by the alleged employer that is significant; instead, the court must examine the relationship closely in order to determine whether, from the nature of the relationship, the right to do so exists.
Insofar as the relationship between Touchet and Tri-Star is concerned, there are several factors which are indicative of the fact that a substantial amount of control was retained by Tri-Star over Touchet. To begin with, the record indicates that Tri-Star retained total control over Tou-chet’s daily activities during the twenty-seven-day period during which their relationship lasted. As noted above, after Tou-chet completed his initial training, he was told to report to work at 7:00 A.M. and hand out flyers until 11:00 A.M. or 12:00 Noon. After doing so, he would then attend presentations, many, if not all, of which were set up by Tri-Star, until approximately 4:00 P.M. that day, at which time he would then report back to Tri-Star for management training.
As to the method used by Touchet in performing his work, it is clear that TriStar exercised an appreciable amount of control over this as well. Touchet attended *991 a number of training seminars which detailed precisely how Tri-Star wanted him to make these presentations to prospective buyers. While logic dictates that Tri-Star must have been willing to allow Touchet to experiment with other sales techniques which might prove to be effective, it is clear that Tri-Star had a very definite idea as to how they wanted the product presented and they went to great lengths to explain to Touchet and other salesmen exactly how they wanted this done.
Further, and perhaps most significant is the fact that Tri-Star retained the right to approve all credit or credit card sales made by Touchet, before his commission would be paid. This provision of the contract between the parties certainly negates the thought that the contract was that of an independent contractor or an independent dealer. In fact, this right of approval retained by Tri-Star indicates that Touchet was merely a commissioned salesman. The trial court also obviously felt that way, and we have little difficulty in finding that an employer-employee relationship existed between Tri-Star and Touchet. The courts of this State have consistently regarded commissioned salesmen as employees, and we find that the facts of this case are in line with the jurisprudence. Gresham v. Speights, 133 So.2d 846 (La.App. 2 Cir.1961). We also affirm the trial court’s award of $663.30 based upon the number of hours worked by Touchet prior to the termination of the relationship.
Having resolved the issue as to Tou-chet's status, as well as the amount of his recovery, we next consider the trial judge’s order allowing Touchet to retain the vacuum cleaner until such time as the judgment amount is paid in full by Tri-Star. While the trial court’s order in this regard was undoubtedly well-meaning, we find no statutory or jurisprudential basis for such a procedure and must therefore reverse his ruling to this effect. We therefore order that the vacuum cleaner be returned to Tri-Star in accordance with the agreement entered into by the parties hereto.
For the foregoing reasons, the judgment of the trial court is affirmed insofar as judgment is rendered in favor of Touchet and against Tri-Star on the reconventional demand in the sum of $663.30, together with legal interest at the rate of 12% per annum. We reverse the ruling of the trial court authorizing Touchet to retain possession of one Tri-Star vacuum cleaner until such time as the judgment on the reconven-tional demand is paid, and we assess all costs of this appeal against Tri-Star.
AFFIRMED IN PART AND REVERSED IN PART.